B. CLYDE HUTCHINSON, State Bar No. 037526
bch@llcllp.com
ERIN EILEEN FRY, State Bar No. 220959
efry@llcllp.com
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION and BNSF RAILWAY
COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

MARY G. LOPEZ, individually and as
Successor-In-Interest on behalf of
Decedent, SALVADOR V. LOPEZ;
SALVADOR M. LOPEZ, individually and
as Successor-In-Interest on behalf of
Decedent, SALVADOR V. LOPEZ;
OSVALDO RENE LOPEZ, a minor, by
and through Guardian ad Litem, MARY G.
LOPEZ; TOMMY GREGORY LOPEZ, a
minor, by and through Guardian ad Litem,
MARY G. LOPEZ; and MEGHIN
LEANNE LOPEZ, a minor, by and through
Guardian ad Litem, MARY G. LOPEZ

Plaintiffs,

v.

BNSF RAILWAY COMPANY,
NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK); STATE OF
CALIFORNIA; CALIFORNIA
DEPARTMENT OF TRANSPORTATION
(CALTRANS); COUNTY OF KERN;
CITY OF DELANO; CITY OF
McFARLAND; CITY OF WASCO; and
DOES 1 through 200, Inclusive,

Defendant.

Case No.

**DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT**

*Left margin:* Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

Defendants National Railroad Passenger Corporation ("Amtrak") and BNSF Railway Company ("Defendants") respectfully allege as follows:

1.      On August 24, 2007, Plaintiffs filed their Complaint against Amtrak in the Superior Court of the State of California, County of Kern, entitled Mary G. Lopez, et al. v. BNSF Railway Company, et al., Case No. S-1500-CV261675 AEW.  A true and correct copy of the unverified Complaint is attached hereto as Exhibit A.

2.      Defendant Amtrak was served with the Summons and Complaint on September 19, 2007.  See Service of Process transmittal attached as Exhibit B.

3.      On September 26, 2007, Defendants filed their Answer to Plaintiffs' Unverified Complaint in the Superior Court for the County of Kern.  A copy of the Answer is attached hereto as Exhibit C.  Therefore this Notice of Removal is filed within 30 days after receipt by Defendant Amtrak of a copy of the pleading setting forth the claim for relief upon which this action is based.

4.      This Court has original jurisdiction over the claim against Defendant Amtrak under 28 U.S.C. § 1331 (federal question jurisdiction) because Amtrak was incorporated by an Act of Congress (45 U.S.C. § 501, et seq.), and the United States of America owns more than 50% of Defendant's capital stock (28 U.S.C. § 1349).  *In re Rail Collision Near Chase, Maryland*, 680 F. Supp. 728, 731 (D. Md. 1987).

5.      The removal of this claim against Amtrak to this Court is proper under 28 U.S.C. § 1441(a) because this is a civil action brought in a state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending.

6.      Defendant BNSF Railway Company which is represented by counsel for Amtrak, hereby consents to removal by and through its counsel, Lombardi, Loper & Conant, LLP.

7.      Sham defendants or defendants who are fraudulently joined need not join in the removal[1].  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  In this case,

---

[1] The term "'fraudulent joinder" is a term of art and does not reflect on the integrity of plaintiffs or counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) aff'd, 710 F.2d 549 (9th Cir. 1983); *McCabe v. General Foods Corp.*,

13249-36021 EEF 543185.1                                    2                          Case No. _____

Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

defendants State of California, California Department of Transportation (CalTrans), City of Delano, City of McFarland and City of Wasco are sham defendants in that there is no possibility plaintiff can establish liability against these defendants. While the equipment in the involved accident was owned by CalTrans, neither the State of California nor CalTrans are actively involved in the operation or management of Amtrak trains as alleged in the Complaint and are not responsible for the level of protection, or lack thereof, or the maintenance of protection at the railroad crossing involved in the accident. The crossing is located in an unincorporated area of the County of Kern and not located within any of the City defendants named in the Complaint. Thus, City of Delano, City of McFarland, and City of Wasco have no responsibility for the involved crossing and plaintiffs cannot establish liability against any of the City defendants.

8.     To the extent that any claims could be brought against defendants State of California, California Department of Transportation (CalTrans), City of Delano, City of McFarland and City'of Wasco, those claims would be separate and independent of the claims being removed, and therefore these defendants need not join in the removal pursuant to 28 U.S.C. §1441(c). *Arizona v. Maypenny*, 451 U.S. 232, 241-242 (1981); *Henry v. Independent American Sav. Ass'n.*, 857 F.2d 995, 999 (5th Cir. 1988).

9.     In addition, if a defendant has not yet been served in the action, then that defendant need not join in the removal. *Salverson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997); *Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982). In this case, upon information and belief no other defendants have been served.

10.    Lastly, Doe defendants do not need to be joined in this Notice of Removal. See *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

11.    Thus the removal of the action is timely and proper.

12.    A copy of the Notice of Removal of Case to Federal Court that has been filed with

811 F.2d 1336, 1339 (9th Cir. 1987); *Bucedi v. Asbestos Defendants (BHC)*, 1997 U.S. Dist. LEXIS 21775 (N.D. Cal.). "Fraudulent" in this context simply means that there is no possibility plaintiffs can establish liability against the defendant in question. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992).

Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36021 EEF 543185.1

3

Case No. _____

the California Superior Court is attached hereto as Exhibit D.

WHEREFORE, Defendants pray that this action be removed to this Court.

Dated: September 26, 2007                    Lombardi, Loper & Conant, LLP


By:        /s/ Erin Eileen Fry
                ERIN EILEEN FRY
              Attorneys for Defendant
        NATIONAL RAILROAD PASSENGER
    CORPORATION and BNSF RAILWAY COMPANY

Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36021 EEF 543185.1                    4                    Case No. _____

# EXHIBIT A

1  Patrick McNicholas, Esq. – State Bar No. 125868
   Juan C. Victoria, Esq. – State Bar No. 224176
2  McNICHOLAS & McNICHOLAS, LLP
   10866 Wilshire Blvd., Suite 1400
3  Los Angeles, California 90024
   Telephone: (310) 474-1582
4  Facsimile:  (310) 475-7871

5  Attorneys for Plaintiffs
6  MARY G. LOPEZ, et al.

7

**ENDORSED**

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

AUG 2 4 2007

TERRY McNALLY, CLERK
BY _____ DEPUTY

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF KERN

10

11  MARY G. LOPEZ, individually and as
    Successor-In-Interest on behalf of Decedent,
12  SALVADOR V. LOPEZ; SALVADOR M.
    LOPEZ, individually and as Successor-In-
13  Interest on behalf of Decedent, SALVADOR
    V. LOPEZ; OSVALDO RENE LOPEZ, a
14  minor, by and through Guardian ad Litem,
    MARY G. LOPEZ; TOMMY GREGORY
15  LOPEZ, a minor, by and through Guardian ad
    Litem, MARY G. LOPEZ; and MEGHIN
16  LEANNE LOPEZ, a minor, by and through
17  Guardian ad Litem, MARY G. LOPEZ,

18

19                     Plaintiffs,

20                        vs.

21  ~~BNSF RAILWAY COMPANY; NATIONAL~~
    ~~RAILROAD PASSENGER CORPORATION~~
22  ~~(AMTRAK)~~; STATE OF CALIFORNIA;
    CALIFORNIA DEPARTMENT OF
23  TRANSPORTATION (CALTRANS);
    ~~COUNTY OF KERN~~; CITY OF DELANO;
24  CITY OF McFARLAND; CITY OF
    WASCO; and DOES 1 through 200,
25  Inclusive,

26                     Defendants.

27

28

**FAX FILING**

CASE NO.:
**S-1500-CV**261675 AEW

**COMPLAINT FOR DAMAGES:**

1.  **WRONGFUL DEATH**
2.  **NEGLIGENCE**
3.  **DANGEROUS CONDITION OF
    PUBLIC PROPERTY**

**DEMAND FOR JURY TRIAL**

RECEIVED
AMTRAK

SEP 2 0 2007

2007-00653
EXECUTIVE ASSISTANT
LAW DEPARTMENT

---

1

COME NOW the Plaintiffs, individually, and as Successors-In-Interest on behalf of Decedent, SALVADOR V. LOPEZ, hereby demand a jury by trial, and allege as follows:

## GENERAL ALLEGATIONS

1.     SALVADOR V. LOPEZ (hereinafter "DECEDENT SALVADOR") died on August 7, 2006. At all times mentioned in this Complaint, DECEDENT SALVADOR was a resident of the City of Shafter, in the County of Kern, State of California. DECEDENT SALVADOR was born on November 19, 1960; he would have been forty-six (46) years at the time of filing of the instant Complaint.

2.     Plaintiff MARY G. LOPEZ (hereinafter "MARY") is the wife of the DECEDENT SALVADOR. Plaintiff MARY is a successor-in-interest to the DECEDENT SALVADOR, and anticipates filing a declaration with the Court in compliance with the provisions of Section 377.32 of California Code of Civil Procedure.

3.     At all relevant times, Plaintiff MARY was an individual residing in Kern County, State of California.

4.     Plaintiff SALVADOR M. LOPEZ (hereinafter "SALVADOR JR.") is the lawful son of DECEDENT SALVADOR. Plaintiff SALVADOR JR. is a successor-in-interest to the DECEDENT SALVADOR, and anticipates filing a declaration with the Court in compliance with the provisions of Section 377.32 of California Code of Civil Procedure.

5.     At all relevant times, Plaintiff SALVADOR JR. was an individual residing in Kern County, State of California.

6.     Plaintiff OSVALDO RENE LOPEZ (hereinafter "OSVALDO") is a minor and the lawful son of DECEDENT SALVADOR. Plaintiff MARY is OSVALDO's mother and MARY's Petition for Appointment of Guardian ad Litem has been filed concurrently with this Complaint.

7.     At all relevant times, Plaintiff OSVALDO was an individual residing in Kern County, State of California.

8.     Plaintiff TOMMY GREGORY LOPEZ (hereinafter "TOMMY") is a minor and is the lawful son of DECEDENT SALVADOR. Plaintiff MARY is TOMMY's mother and Plaintiff

MARY's Petition for Appointment of Guardian ad Litem has been filed concurrently with this Complaint.

9.      At all relevant times, Plaintiff TOMMY was an individual residing in Kern County, State of California.

10.      Plaintiff MEGHIN LEANNE LOPEZ (hereinafter "MEGHIN") is a minor and is the daughter of DECEDENT SALVADOR. Plaintiff MARY is MEGHIN's mother and MARY's Petition for Appointment of Guardian ad Litem has been filed concurrently with this Complaint.

11.      At all relevant times, Plaintiff MEGHIN was an individual residing in Kern County, State of California.

12.      Defendant BNSF RAILWAY COMPANY (hereinafter "BNSF") is, and at all times, relevant to this Complaint, was a corporation existing by and under the laws of the State of Delaware, with its principal place of business located in Fort Worth, Texas. Defendant BNSF directly owns and operates railroad tracks in 27 U.S. states, including tracks in the State of California.

13.      At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendant BNSF owned, managed, operated, and controlled the railroad and RAILROAD CROSSING at issue in this incident, and a portion of the tracks right-of-way of the railroad which extended in general in a north-south direction over, on and across Peterson Road, which is a duly dedicated road, street, or public highway extending in a general east-west direction in unincorporated section of Kern and Delano, within the County of Kern, California.

14.      Defendant NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) (hereinafter "AMTRAK") is, and at all times, relevant to this Complaint, was, a quasi-government corporation existing by and under the laws of the United States.

15.      At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendant AMTRAK is, and at all times mentioned herein was, a common carrier as defined by California Public Utilities Code § 211(a) and *Civil Code* § 2168, and as such, owned, operated,

1  maintained, and managed the AMTRAK TRAIN involved in this incident which is at issue in the

2  instant Complaint.

3      16.    Defendant THE STATE OF CALIFORNIA (hereinafter "CALIFORNIA") is, and at

4  all times relevant to this Complaint, was a state entity existing under the laws of the State of

5  California.

6      17.    Defendant CALIFORNIA DEPARTMENT OF TRANSPORTATION (hereinafter

7  "CALTRANS") is, and at all times relevant to this Complaint, was a public state agency organized

8  and existing under the laws of the State of California..

9      18.    At all times relevant herein, Plaintiffs are informed and believe and thereon allege

10  that Defendant CALTRANS is involved in the operation and management of certain AMTRAK

11  trains within and throughout the State of California.  Specifically, Plaintiffs are informed and

12  believe that Defendant CALTRANS is and was involved in the operation and management of the

13  AMTRAK TRAIN at the time of the incident.

14      19.    At all times relevant herein, Plaintiffs are informed and believe and thereon allege

15  that Defendants AMTRAK, CALIFORNIA, and CALTRANS are operating partners in the

16  operation and management of AMTRAK trains within and throughout the State of California.  The

17  AMTRAK TRAIN at issue is one of the high-speed "San Joaquin" trains that travel daily from,

18  through, and between Sacramento, Oakland, Stockton, Bakersfield and San Diego within the State

19  of California.  The AMTRAK trains perform such daily trips several times per day from said

20  destinations.

21      20.    At all times relevant herein, Plaintiffs are informed and believe and thereon allege

22  that Defendants BNSF, CALIFORNIA and CALTRANS were responsible for the level of

23  protection, or lack thereof, and the maintenance of said protection as located at the subject

24  RAILROAD CROSSING.  More specifically, Defendants, as referenced herein, were responsible

25  for maintaining, improving and installing the safety protection devices and features that surround

26  the RAILROAD CROSSING, including but not limited to flashing lights, warning bells, automatic

27  safety gates, and all related safety protections devices and warning features at the RAILROAD

28

CROSSING so as to protect the general motoring public when high-speed trains cross and go through it.

21.   Defendant COUNTY OF KERN (hereinafter "KERN") is, and at all times relevant to this Complaint, was a county entity organized and existing under the laws of the State of California.

22.   Defendant CITY OF DELANO (hereinafter "DELANO") is, and at all times relevant to this Complaint, was a municipal entity organized and existing under the laws of the State of California.

23.   Defendant CITY OF McFARLAND (hereinafter "McFARLAND") is, and at all times relevant to this Complaint, was a municipal entity organized and existing under the laws of the State of California.

24.   Defendant CITY OF WASCO (hereinafter "WASCO") is, and at all times relevant to this Complaint, was a municipal entity organized and existing under the laws of the State of California.

25.   At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendants KERN, DELANO, McFARLAND, and WASCO were in some manner responsible for the level of protection, or lack thereof, and the maintenance of the safety protection as located at the subject RAILROAD CROSSING.

26.   The true names and capacities of any defendants designated herein as DOES 1 through 200, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names, pursuant to Code of Civil Procedure § 474.  Plaintiffs are informed and believe and on such information and belief allege that each Doe defendant is responsible in some manner for the events alleged herein, and Plaintiffs will amend their Complaint to state the true names and capacities of said defendants when the same have been ascertained.

27.   Plaintiffs are informed and believe and thereon allege that each of the defendants designated as a DOE is negligently, consciously, willfully, intentionally, knowingly, recklessly or

1   otherwise tortiously, or legally responsible in some manner for the events and happenings herein

2   referred to and negligently, consciously, willfully, intentionally, knowingly, recklessly, or

3   otherwise tortiously caused the injuries and damages proximately thereby to Plaintiffs as

4   hereinafter alleged, either through said defendants' own conduct, or through the conduct of their

5   agents, servants or employees, and each of them, or through said defendants' ownership, operation,

6   control, possession, distribution, supervision, servicing, maintenance, inspection, repair,

7   entrustment, use, furnishing, design, or construction of the premises and property which caused the

8   injuries and damages.

9        28.     Plaintiffs are informed and believe and thereon allege that at all times herein

10  mentioned, each of the defendants sued herein as DOES 1 through 200, inclusive, was the agent

11  and employee of each of the remaining defendants and was at all times acting within the course and

12  scope of such agency and employment with the full knowledge, consent, authority, ratification

13  and/or permission of each of the remaining defendants.

14              <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

15       29.     Plaintiffs are informed and believe and thereon allege that on or about August 7,

16  2006, DECEDENT SALVADOR operated his orange 1997 Freightliner double-axle tractor truck

17  (hereinafter "Freightliner Truck"), California license plate number 9D79708, in a northbound

18  direction on California State Highway Number 43 (hereinafter "SR-43"). SR-43 runs in a north-

19  south direction.

20       30.     Plaintiffs are informed and believe and thereon allege that on or about August 7,

21  2006, while traveling on SR-43, DECEDENT SALVADOR executed a left turn onto Peterson

22  Road, and drove eastbound approximately fifty feet until he entered, with his Freightliner Truck,

23  into the railroad crossing, formally known as Railroad Crossing DOT No. 028310B (hereinafter

24  "RAILROAD CROSSING"). Plaintiffs are further informed and believe and thereon allege that

25  the RAILROAD CROSSING is located in an unincorporated area of Kern and/or Delano, within

26  the County of Kern, California.

27

28

31.     At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendant BNSF RAILWAY COMPANY owned the single line railroad tracks that cross the RAILROAD CROSSING at issue in this incident.

32.     At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Peterson Road is a bi-directional, paved, two-lane east to west road at the point where it intersects with SR-43. The posted speed limit for traffic, traveling on this stretch of Peterson Road, is 55 mile per hour.

33.     Plaintiffs are informed and believe and thereon allege that upon entering the RAILROAD CROSSING, DECEDENT SALVADOR started to cross over the railroad tracks at the RAILROAD CROSSING.

34.     Plaintiffs are informed and believe and thereon allege that upon entering the RAILROAD CROSSING, DECEDENT SALVADOR'S Freightliner Truck was struck by AMTRAK Train, Number 701 (hereinafter "AMTRAK TRAIN"), which traveled northbound on the BNSF railroad tracks at the time of the collision. The AMTRAK TRAIN consisted of a locomotive engine, which pulled four (4) passenger cars.

35.     At all times relevant herein, Plaintiffs are informed and believe and thereon allege that at the time of the collision, Tom E. Gettman, an employee of Defendant AMTRAK, operated the AMTRAK TRAIN over the BNSF's railroad tracks.

36.     Plaintiffs are informed and believe and based thereon allege that on or about August 7, 2006, Tom E. Gettman, conducted his work duties as the AMTRAK engineer and conductor of the AMTRAK TRAIN. On said date, with the knowledge, permission and consent of Defendant AMTRAK, as part of his duties, Gettman drove and operated the AMTRAK TRAIN within the limits of the County of Kern, California.

37.     As a result of the collision with the AMTRAK TRAIN, DECEDENT SALVADOR'S Freightliner Truck was completely destroyed and nearly obliterated.

38.     In addition, the collision resulted in DECEDENT'S death. DECEDENT SALVADOR was found dead inside the cab of his tractor truck.

39.    At the time of the collision, Plaintiffs are informed and believe and thereon allege that the AMTRAK TRAIN was traveling at an unsafe and dangerous speed.

40.    At all times relevant herein, Plaintiffs are informed and believe and thereon allege that Defendants AMTRAK, CALIFORNIA and CALTRANS owned the AMTRAK TRAIN.

41.    At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, the RAILROAD CROSSING was not protected with an automatic gate for traffic entering, approaching or crossing from Peterson Road or SR-43 roadways.

42.    At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, the RAILROAD CROSSING was inadequately protected with old and obsolete installation of eight and three eighths inch (8 3/8) train-activated flashers (hereinafter "FLASHERS").

43.    At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, the FLASHERS used were obsolete and outmoded by newer twelve-inch (12) roundel flashers.

44.    At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that Title 23, United States Code, Section 130 (23 U.S.C. 130), requires all new warning devices to use 12-inch Light Emitting Diode ("LED") arrays for the flashing light signals with 24-inch hoods.    At all times relevant herein, Plaintiffs are informed and believe and thereon allege that the Defendants failed to install said flashing light signals in compliance with Title 23, United States Code, Section 130.

45.    At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, the Defendants were required to install and maintain an automatic gate in addition to the twelve-inch roundel flashers at highway-rail crossings.    At all times relevant herein, Plaintiffs are informed and believe and thereon allege that the Defendants failed to install or maintain any such automatic gate at the subject RAILROAD CROSSING.

COMPLAINT FOR DAMAGES

46.   At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, the FLASHERS were not properly maintained by the Defendants.

47.   At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, the FLASHERS were not properly cleaned by the Defendants.

48.   At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, Defendants AMTRAK, CALIFORNIA, and CALTRANS operated and used its trains, including the AMTRAK TRAIN, in a negligent manner by operating said trains at unsafe and unreasonable speeds given the types of tracks they operated over and the type of railroad crossings the trains navigate through and across on their respective routes. Plaintiffs are informed and believe and based thereon allege that said Defendants negligently operated their trains, including the AMTRAK TRAIN, without regard for the level of protection afforded to the motoring public at all railroad crossings on their particular routes, including the subject RAILROAD CROSSING.

49.   At all times relevant herein, Plaintiffs are informed and believe and based thereon allege that at the time of the collision, that Defendants knew of the dangerous conditions present at the RAILROAD CROSSING but failed to take corrective measures to protect the public, including DECEDENT SALVADOR.

50.   Plaintiffs are informed and believe and based thereon allege that at the time of the collision, there had been four previous auto-train collisions, including one fatality accident, at the RAILROAD CROSSING.

51.   Defendants AMTRAK, CALIFORNIA and CALTRANS owed a duty to DECEDENT SALVADOR and the public at large to exercise reasonable care in the operation and use of their AMTRAK TRAIN.

52.   Defendants BNSF, CALIFORNIA and CALTRANS owed a duty to DECEDENT SALVADOR and the public at large to exercise reasonable care in the operation, maintenance and

protection at the RAILROAD CROSSING. In addition, Defendants negligently refused and failed to take any corrective or preventive measures as to the safety of the motoring public at the subject RAILROAD CROSSING, such as actual safety improvements to the equipment, issuing slow orders for the high speed trains approaching and covering the RAILROAD CROSSING.

53. Defendants had a duty to keep signaling devices at the RAILROAD CROSSING properly maintained, in proper working condition and repaired at all times.

54. Defendants negligently failed to install an automatic gate, failed to use newer twelve-inch (12) LED roundel flashers, and failed to maintain the signaling devices in proper condition, which ultimately created a safety hazard and dangerous condition and trap at the instant RAILROAD CROSSING.

55. The Defendants collectively failed to use reasonable care in the operation, use and maintenance of the RAILROAD CROSSING.

56. As a result of Defendants' collective negligent behavior, DECEDENT SALVADOR was harmed and killed by the AMTRAK TRAIN.

57. As a result of the negligence of Defendants, Decedent SALVADOR sustained fatal injuries on the scene of the collision. Plaintiffs, both individually and in their capacity as successors-in-interest on behalf of DECEDENT SALVADOR, incurred and will continue to incur into the future both special and general damages in an amount unknown at present. These include pain, anguish and suffering, as well as medical care costs, needs and burial expenses in excess of the jurisdictional limit of the Superior Court of California.

58. Plaintiffs filed their Government Tort Claims against all governmental entity Defendants named herein.

59. Plaintiffs filed their Government Tort Claims against the CALIFORNIA and CALTRANS on or about February 6, 2007. Said claims were denied on April 25, 2007.

60. Plaintiffs filed their Government Tort Claim against the COUNTY OF KERN on February 6, 2007. Said claim was denied on April 23, 2007.

1  61.  Plaintiffs filed their Government Tort Claim against the County of KERN on

2  February 6, 2007. Said claim was denied on February 27, 2007.

3  62.  Plaintiffs filed a Government Tort Claim against the City of WASCO on February

4  6, 2007. Said claim was denied on April 23, 2007.

5  63.  Plaintiffs also filed their Government Tort Claim against the City of DELANO on

6  February 6, 2007. Said claim was denied on May 2, 2007.

7  64.  Plaintiffs filed their Government Tort Claim against the City of MCFARLAND on

8  February 5, 2007. Said claim was denied on April 17, 2007.

9

10                          **FIRST CAUSE OF ACTION**

11                             **WRONGFUL DEATH**

12         (By Plaintiffs Against All Defendants and Does 1-200, inclusive)

13  65.  The Plaintiffs reallege and incorporate by reference every allegation contained in

14  this Complaint as though set forth herein in full.

15  66.  The Defendants owed a duty of care to DECEDENT SALVADOR and Plaintiffs to

16  use reasonable care in the maintenance and operation of the railroad and the RAILROAD

17  CROSSING and to keep that part of the RAILROAD CROSSING reasonably safe for use by

18  members of the general motoring public.

19

20  67.  The Defendants were under a duty to keep the signaling devices at the RAILROAD

21  CROSSING in proper working condition and repair.

22  68.  The Defendants were also under a duty to install 12-inch LED arrays for the

23  flashing light signals with 24-inch hoods at the RAILROAD CROSSING.

24  69.  Further, the Defendants were under a duty to install an automatic gate to keep the

25  RAILROAD CROSSING reasonably safe for use by members of the general motoring public.

26  70.  The Defendants breached their duty of care by failing to reasonably operate and

27  maintain the RAILROAD CROSSING in a safe manner. The Defendants knew, or should have

28

known, that failing to reasonably operate and maintain the RAILROAD CROSSING would result in injury or death of the DECEDENT SALVADOR, a member of the general motoring public.

71. The Defendants breached that duty of care by failing to keep the signaling devices at the RAILROAD CROSSING in proper working condition and repair.

72. The Defendants breached their duty to install an automatic gate to keep the RAILROAD CROSSING reasonably safe.

73. The Defendants also breached their duty to install 12-inch LED arrays for the flashing light signals with 24-inch hoods at the RAILROAD CROSSING.

74. Further, the Defendants breached their duty of care to DECEDENT SALVADOR and Plaintiffs by failing to take appropriate action to ensure DECEDENT SALVADOR's safety, as a general member of the motoring public while crossing the RAILROAD CROSSING.

75. As a proximate result of DEFENDANTS' collective negligence, the AMTRAK TRAIN crashed into DECEDENT's tractor truck and killed him at the scene of the collision.

76. As a direct and legal result of the Defendants' negligence, carelessness, and/or recklessness, DECEDENT SALVADOR was fatally injured after being struck by the AMTRAK TRAIN.

77. Prior to his death, DECEDENT SALVADOR lived with his lawful wife, Plaintiff MARY. DECEDENT SALVADOR was a faithful and dutiful husband to Plaintiff MARY. Plaintiff MARY was totally dependent upon DECEDENT SALVADOR for friendship, love, society, comfort, attention, support, services and companionship.

78. At all times prior to his death, DECEDENT SALVADOR was a loving and devoted father to his four (4) children, Plaintiffs SALVADOR JR., OSVALDO, TOMMY, and MEGHIN. Plaintiffs SALVADOR, OSVALDO, TOMMY, and MEGHIN were totally dependent upon DECEDENT SALVADOR for love, society, comfort, attention, support, services and fatherly companionship.

79.     As a proximate result of each of the Defendants' negligence and the death of DECEDENT's, Plaintiffs sustained pecuniary loss resulting from the loss of the society, comfort, attention, services and support of DECEDENT SALVADOR.

80.     As a proximate result of each of the Defendants' negligence and the death of DECEDENT, Plaintiffs incurred funeral and burial expenses, as well as suffering extreme and severe emotional distress, pain, anguish, and other economic and non-economic damages in amounts to be proved at the time of trial.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

(Plaintiffs Against All Defendants and Does 1-200, inclusive)

81.     The Plaintiffs reallege and incorporate by reference every allegation contained in this Complaint as though set forth herein in full.

82.     The Defendants owed a duty of care to DECEDENT SALVADOR and Plaintiffs to use reasonable care in the maintenance and operation of the railroad and the RAILROAD CROSSING and to keep that part of the RAILROAD CROSSING reasonably safe for use by members of the general motoring public.

83.     The Defendants were under a duty to keep the signaling devices at the RAILROAD CROSSING in proper working condition and repair.

84.     The Defendants were also under a duty to install 12-inch LED arrays for the flashing light signals with 24-inch hoods at the RAILROAD CROSSING.

85.     Further, the Defendants were under a duty to install an automatic gate to keep the RAILROAD CROSSING reasonably safe for use by members of the general motoring public.

86.     The Defendants breached their duty of care by failing to reasonably operate and maintain the RAILROAD CROSSING in a safe manner.  The Defendants knew, or should have known, that failing to reasonably operate and maintain the RAILROAD CROSSING would result

in injury or death of the DECEDENT SALVADOR, a member of the general motoring public.

87.     The Defendants breached that duty of care by failing to keep the signaling devices at the RAILROAD CROSSING in proper working condition and repair.

88.     The Defendants breached their duty to install an automatic gate to keep the RAILROAD CROSSING reasonably safe.

89.     The Defendants also breached their duty to install 12-inch LED arrays for the flashing light signals with 24-inch hoods at the RAILROAD CROSSING.

90.     Further, the Defendants breached their duty of care to DECEDENT SALVADOR and Plaintiffs by failing to take appropriate action to ensure DECEDENT SALVADOR's safety, as a general member of the motoring public while crossing the RAILROAD CROSSING.

91.     As a proximate result of DEFENDANTS' collective negligence, the AMTRAK TRAIN crashed into DECEDENT's tractor truck and killed him at the scene of the collision.

92.     As a direct and legal result of the Defendants' negligence, carelessness, and/or recklessness, DECEDENT SALVADOR was fatally injured after being struck by the AMTRAK TRAIN.

93.     On or about August 7, 2007, due to Defendants' negligence, the DECEDENT SALVADOR was lured into the dangerous RAILROAD CROSSING.

94.     As a proximate result of the Defendants' negligence, DECEDENT SALVADOR was fatally injured after being struck by the colliding train.

95.     As a direct and legal result of the negligence, carelessness, recklessness and/or other tortious conduct of the Defendants, Plaintiffs suffered and will continue to suffer extreme and severe emotional distress, pain, anguish, and other economic and non-economic damages in amounts to be proved at the time of trial.

### THIRD CAUSE OF ACTION

### DANGEROUS CONDITION OF PUBLIC PROPERTY

#### (Plaintiffs Against All Defendants and Does 1-200, inclusive)

96.     The Plaintiffs reallege and incorporate by reference every allegation contained in this Complaint as though set forth herein in full.

97.     At all times herein mentioned, the RAILROAD CROSSING constituted a dangerous condition of property as the condition of the property created a substantial risk of injury when the roadway property and RAILROAD CROSSING was used with due care in a manner in which it was reasonably foreseeable that it would be used by the general motoring public.

98.   At all times herein mentioned, Defendants were responsible for the design, development, maintenance, modification and control of the RAILROAD CROSSING and surrounding roadway and for the dangerous condition therein, and the death of DECEDENT SALVADOR was proximately caused by the dangerous condition and the dangerous condition created a reasonably foreseeable risk of the kind of damage and fatal injuries which were incurred.

99.     The Defendants owed the Plaintiffs the legal duty to maintain its RAILROAD CROSSING and surrounding roadways in a reasonably safe condition for members of the general motoring and traveling public.  Plaintiff FRAZEE was a member of the general motoring and traveling public at the date, time and location in question.  However, because of the Defendants' acts, failures or omissions the dangerous roadway condition was allowed to exist or continue to exist.  The Defendants' acts, failures or omissions as alleged herein constituted negligence.  The Defendants breached their legal duty of care to DECEDENT SALVADOR and the Plaintiffs.

100.     Plaintiffs are informed and believe and thereon allege that a negligent or wrongful act or omission of an employee of the Defendants within the scope of their employment created the dangerous condition.

101.   Plaintiffs are further informed and believe and thereon allege that Defendants, and each of them, had actual and constructive notice of the dangerous condition of the RAILROAD CROSSING and the surrounding roadway, which includes the collision area, within a sufficient amount of time to have taken action to correct the dangerous condition.

102.   Plaintiffs are further informed and believe and thereon allege that the dangerous condition had existed for such a period of time and was of such an obvious nature that the Defendants, and each of them, in the exercise of due care, should have discovered the condition and its dangerous character.  Plaintiffs are further informed and believe and thereon allege that an inspection system which was reasonably adequate to inform Defendants whether the RAILROAD CROSSING and the surrounding roadway property was safe for the use intended and/or the use which Defendants knew others were making of the RAILROAD CROSSING and the surrounding roadway property would have discovered the existence of the condition and its dangerous character.  Plaintiff is further informed and believes and thereon alleges that Defendants failed to maintain and operate such an inspection system with due care such as to discover the dangerous condition and its dangerous character.

103.   The RAILROAD CROSSING and surrounding roadway constituted a dangerous condition on August 7, 2006 and the fatal injuries suffered by DECEDENT SALVADOR were proximately caused by the dangerous condition of the RAILROAD CROSSING and surrounding roadway and the dangerous condition of the RAILROAD CROSSING and surrounding roadway created a reasonably foreseeable risk of the kind of injuries which were incurred.

104.   Additionally, the dangerous condition was directly attributable wholly or to a substantial part due to a negligent or wrongful act of an employee or employees of Defendants and each of them and those employees had the authority and the funds or other means immediately available to take alternative action, which would not have created the dangerous condition. Plaintiff is further informed and believes and thereon alleges that the employee or employees of

1    Defendants, and each of them, had the authority and responsibly to take adequate measures to

2    protect against the dangerous condition at the expense of the public entities and the funds and other

3    means for doing so were immediately available to them and, they had actual or constructive notice

4    of the dangerous condition a sufficient time prior to the fatal injuries sustained by DECEDENT

5    SALVADOR to have taken measures to protect against the dangerous condition.

6        105.    Plaintiffs are further informed and believe and thereon allege that due to the amount

7    of data available, the public employees of Defendants had actual notice of the dangerous condition

8    because they either had actual personal knowledge of the existence of the dangerous condition

9    and/or knew or should have known or its dangerous character.  Plaintiffs are further informed and

10   believe and thereon allege that Defendants and each of them had constructive notice of the

11   dangerous condition based upon a duty to inspect.

12

13       106.    Plaintiffs are further informed and believe and thereon allege that Defendants, and

14   their employees, were unreasonable in their acts or omissions in creating the dangerous condition

15   when viewing the probability and gravity of the potential injury of persons and property

16   foreseeably exposed to the risk of injury against the practicability and cost of taking alternative

17   action that would not create the risk of injury or protect against the risk of injury.

18

19       107.    Plaintiffs are further informed and believe and thereon allege that the features of

20   RAILROAD CROSSING and surrounding roadway constituted a dangerous condition of public

21   property in that the design of the roadway including its right of way, lane design, lane markings,

22   failure to adequately control traffic in the area RAILROAD CROSSING with the adequate signs,

23   warning lights, flashers, automatic gates, stop signs, etc. and other aspects of its design constituted

24   a trap which would cause traffic collisions with high speed trains.

25       108.    Plaintiffs are further informed and believe and thereon allege that there was a

26   change in use of RAILROAD CROSSING and surrounding roadway, such as to give rise to a

27   ministerial duty to respond on the part of Defendants to the change in circumstances.  The change

28

1    in circumstances included, based upon information and belief, the increasing frequency and speeds

2    of the railroad trains going through the RAILROAD CROSSING, as well as increasing use of the

3    RAILROAD CROSSING for transportation and the increase in the number of collisions at said

4    RAILROAD CROSSING and surrounding roadway and the sections referenced herein.

5        109.    Plaintiffs are further informed and believe and thereon allege that there was a

6    continuing of the dangerous conditions on RAILROAD CROSSING and surrounding roadway

7    after notice of the dangerous conditions was received, which was improper. Plaintiffs are further

8    informed and believe and thereon allege that there were other instances of evidence of change in

9    use of the RAILROAD CROSSING and surrounding roadway, increase in traffic, increase in the

10    number of traffic collisions, and that the appearance of the RAILROAD CROSSING and

11    surrounding roadway itself was such as to give notice to Defendants of a ministerial duty to

12    respond to the increase in number of traffic collisions, change in use and dangerous character of the

13    RAILROAD CROSSING and surrounding roadway.

14        110.    As a direct and proximate result of the aforementioned tortious acts, failures,

15    omissions, or conduct of Defendants, and each of them, as alleged herein, DECEDENT

16    SALVADOR sustained fatal injuries and damages.

17        111.    As a proximate result of each of the Defendants' negligence and the death of

18    DECEDENT, Plaintiffs incurred funeral and burial expenses, as well as suffering extreme and

19    severe emotional distress, pain, anguish, and other economic and non-economic damages in

20    amounts to be proved at the time of trial.

21    ///

22    ///

23    ///

24    ///

25    ///

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against all Defendants as follows:

1. For compensatory and general damages for past, present and future psychological, emotional and physical pain, suffering, distress and injury;

2. For punitive damages to be awarded by the trier of fact;

3. For funeral and burial expenses;

4. For special damages;

5. For loss of enjoyment of life;

6. For legal interest on the judgment;

7. For all statutorily allowed damages;

8. For cost of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

Dated: August 23, 2007     MCNICHOLAS & McNICHOLAS, LLP

By: _____
    Patrick McNicholas, Esq.
    Juan C. Victoria, Esq.
    Attorneys for Plaintiffs
    MARY LOPEZ, et al.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 23, 2007

McNICHOLAS & McNICHOLAS, LLP

By: _____

Patrick McNicholas, Esq.
Juan C. Victoria, Esq.
Attorneys for Plaintiffs
MARY LOPEZ, et al.

20

# EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/19/2007
CT Log Number 512605517

**TO:**     John Carten
            National Railroad Passenger Corporation
            60 Massachusetts Avenue, NE
            Washington, DC 20002

**RE:**     **Process Served in District of Columbia**

**FOR:**    National Railroad Passenger Corporation (Domestic State: DC)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mary G. Lopez, Pltf. vs. BNSF Railway Company, et al including National Railroad Passenger Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint for Damages, Notice of Assignment to Judge and Notice of case management conference |
| **COURT/AGENCY:** | Superior Court of California County of Kern, CA<br>Case # S-1500-CV 261675 AEW |
| **NATURE OF ACTION:** | Wrongful Death - Negligence |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/19/2007 at 16:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service of this Writ |
| **ATTORNEY(S) / SENDER(S):** | Patrick Mcnicholas<br>McNicholas & McNicholas, LLP<br>10866 Wilshire Blvd #1400<br>Los Angeles, CA 90024<br>310-474-1582 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791392444345 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

*CALENDARED*

RECEIVED
AMTRAK

SEP 24 2007

2007-00653

EXECUTIVE ASSISTANT
LAW DEPARTMENT

RECEIVED

SEP 2 4 2007

AMTRAK CLAIMS
WESTERN SBU-OAK

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

1   B. CLYDE HUTCHINSON, State Bar No. 037526
    bch@llcllp.com
2   ERIN EILEEN FRY, State Bar No. 220959
    efry@llcllp.com
3   LOMBARDI, LOPER & CONANT, LLP
    Lake Merritt Plaza
4   1999 Harrison Street, Suite 2600
    Oakland, CA 94612-3541
5   Telephone:     (510) 433-2600
    Facsimile:     (510) 433-2699
6
    Attorneys for Defendant
7   NATIONAL RAILROAD PASSENGER
    CORPORATION and BNSF RAILWAY
8   COMPANY

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                                   COUNTY OF KERN

11

12   MARY G. LOPEZ, individually and as          Case No.  S-1500-CV 261675 AEW
     Successor-In-Interest on behalf of
13   Decedent, SALVADOR V. LOPEZ;               **ANSWER OF DEFENDANTS NATIONAL**
     SALVADOR M. LOPEZ, individually and        **RAILROAD PASSENGER**
14   as Successor-In-Interest on behalf of       **CORPORATION AND BNSF RAILWAY**
     Decedent, SALVADOR V. LOPEZ;               **COMPANY**
15   OSVALDO RENE LOPEZ, a minor, by
     and through Guardian ad Litem, MARY G.
16   LOPEZ; TOMMY GREGORY LOPEZ, a
     minor, by and through Guardian ad Litem,
17   MARY G. LOPEZ; and MEGHIN
     LEANNE LOPEZ, a minor, by and through
18   Guardian ad Litem, MARY G. LOPEZ

19                     Plaintiffs,

20        v.

21   BNSF RAILWAY COMPANY,
     NATIONAL RAILROAD PASSENGER
22   CORPORATION (AMTRAK); STATE OF
     CALIFORNIA; CALIFORNIA
23   DEPARTMENT OF TRANSPORTATION
     (CALTRANS); COUNTY OF KERN;
24   CITY OF DELANO; CITY OF
     McFARLAND; CITY OF WASCO; and
25   DOES 1 through 200, Inclusive,

26                     Defendants.

27

28
     13249-36021 EEF 543221.1
                                         1          Case No.  S-1500-CV 261675 AEW
     ANSWER OF DEFS NRPC AND BNSF RAILWAY COMPANY

1    Defendants National Railroad Passenger Corporation (Amtrak) and BNSF Railway

2    Company answer Plaintiffs' unverified Company as follows:

3    1.    Answering Plaintiffs' unverified Complaint, Defendants deny each and every

4    allegation contained therein and deny that by reason of any act or omission by them, their agents,

5    or independent contractors, Plaintiffs or Plaintiffs' decedent were injured or damaged in any sum,

6    or at all.

7    **AFFIRMATIVE DEFENSES**

8    2.    As a first affirmative defense to each cause of action in the Complaint, Defendants

9    allege that the Complaint fails to state facts sufficient to constitute a cause of action against these

10   Defendants.

11   3.    As a second affirmative defense to each cause of action in the Complaint,

12   Defendants allege that Decedent was careless and negligent in the matters alleged, thereby

13   causing and contributing to any alleged injury, damage, or loss to Plaintiffs, if any.

14   4.    As a third affirmative defense to each cause of action in the Complaint,

15   Defendants allege that if liability is assessed against Defendants, which liability is denied by

16   Defendants, Defendants are liable only for the amount of Plaintiffs' non-economic damages

17   allocated to them in direct proportion to their percentage of fault, pursuant to §1431.2 of the

18   California Civil Code.

19   5.    As a fourth affirmative defense to each cause of action in the Complaint,

20   Defendants allege that some or all of Plaintiffs' claims are preempted by federal law, regulations,

21   or codes.

22   THEREFORE, Defendants pray for judgment as follows:

23   1.    That Plaintiff take nothing by their complaint;

24   2.    For costs of suit herein, including attorney's fees; and;

25   ///

26   ///

27   ///

28   ///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36021 EEF 543221.1          2          Case No. S-1500-CV 261675 AEW

3.    For such other relief as the Court deems just and proper.

Dated: September 26, 2007        LOMBARDI, LOPER & CONANT, LLP

By:   _____

ERIN EILEEN FRY
Attorneys for Defendant
NATIONAL RAILROAD PASSENGER
CORPORATION and BNSF RAILWAY
COMPANY

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36021 EEF 543221.1          3        Case No. S-1500-CV 261675 AEW

ANSWER OF DEFS NRPC AND BNSF RAILWAY COMPANY

1

**PROOF OF SERVICE**
*Mary G. Lopez, et al. v. National Railroad Passenger Corporation, et al.*
*Kern County Superior Court Case No. S-1500-CV 262675 AEW*

2

3        I, Noelle Duncan, hereby declare:

4        I am a citizen of the United States, over 18 years of age and not a party to the within action.
I am employed in the county of Alameda; my business address is Lombardi, Loper & Conant,
5    LLC, 1999 Harrison Street, Suite 2600, Oakland, CA 94612.

6        On September 26, 2007, I served the within:

7    **ANSWER OF DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION
AND BNSF RAILWAY COMPANY**

8

9    on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as
follows:

10

Patrick McNicholas                          Telephone:    (310) 474-1582
11   Juan C. Victoria                            Facsimile:    (310)
McNicholas & McNicholas, LLP                 *Attorneys for Plaintiffs*
12   10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90024

13

☐    By United States Mail: I enclosed the document in a sealed envelope or package addressed to the
14        persons at the addresses listed above and placed the envelope/package for collection and mailing, following
our ordinary business practices. I am readily familiar with this business's practice for collecting and
15        processing documents for mailing. On the same day that the document is placed for collection and mailing, it
is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with
16        postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

17

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed
18        in the mail at Oakland, California.

19   ☐    By Fax Transmission: Based on an agreement of the parties to accept service by fax transmission,
I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax
20        machine that I used.

21   ☒    By Overnight Delivery: I enclosed the documents in an envelope or package provided by an
overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or
22        package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight
delivery carrier.

23

☐    By Personal Service: I personally delivered the documents to the persons at the addresses listed
24        above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office
by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with
25        the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by
leaving the documents at the party's residence with some person not less than 18 years of age between the
26        hours of eight in the morning and six in the evening.

27   ☐    By Messenger Service: I served the documents by placing them in an envelope or package
addressed to the persons at the addresses listed above and providing them to a professional messenger service
28        for service. *(A declaration by the messenger must accompany this Proof of Service.)*

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2800
FAX: 510/433-2699

13249-36021 EEF 543218.001                    1                    Case No. S-1500-CV 262675 AEW

PROOF OF SERVICE

1

☐   **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2007, at Oakland, California.

_____
Noelle Duncan

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2699

13249-36021 EEF 543218.001            2            Case No. S-1500-CV 262675 AEW

PROOF OF SERVICE

**EXHIBIT D**

1   B. CLYDE HUTCHINSON, State Bar No. 037526
    bch@llcllp.com
2   ERIN EILEEN FRY, State Bar No. 220959
    efry@llcllp.com
3   LOMBARDI, LOPER & CONANT, LLP
    Lake Merritt Plaza
4   1999 Harrison Street, Suite 2600
    Oakland, CA  94612-3541
5   Telephone:    (510) 433-2600
    Facsimile:    (510) 433-2699
6
    Attorneys for Defendant
7   NATIONAL RAILROAD PASSENGER
    CORPORATION and BNSF RAILWAY
8   COMPANY

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF KERN

11

12  MARY G. LOPEZ, individually and as          Case No.  S-1500-CV 261675 AEW
    Successor-In-Interest on behalf of
13  Decedent, SALVADOR V. LOPEZ;                **DEFENDANTS NATIONAL RAILROAD
    SALVADOR M. LOPEZ, individually and         PASSENGER CORPORATION'S AND
14  as Successor-In-Interest on behalf of       BNSF RAILWAY COMPANY'S STATE
    Decedent, SALVADOR V. LOPEZ;                NOTICE OF REMOVAL TO FEDERAL
15  OSVALDO RENE LOPEZ, a minor, by             COURT**
    and through Guardian ad Litem, MARY G.
16  LOPEZ; TOMMY GREGORY LOPEZ, a
    minor, by and through Guardian ad Litem,
17  MARY G. LOPEZ; and MEGHIN
    LEANNE LOPEZ, a minor, by and through
18  Guardian ad Litem, MARY G. LOPEZ

19                  Plaintiffs,

20        v.

21  BNSF RAILWAY COMPANY,
    NATIONAL RAILROAD PASSENGER
22  CORPORATION (AMTRAK); STATE OF
    CALIFORNIA; CALIFORNIA
23  DEPARTMENT OF TRANSPORTATION
    (CALTRANS); COUNTY OF KERN;
24  CITY OF DELANO; CITY OF
    McFARLAND; CITY OF WASCO; and
25  DOES 1 through 200, Inclusive,

26                  Defendants.

27

28

---

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36021 EEF 543222.1                    1              Case No.  S-1500-CV 261675 AEW

1      TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF

2  RECORD:

3      NOTICE IS HEREBY GIVEN that National Railroad Passenger Corporation and BNSF

4  Railway Company, Defendants in the above-captioned action, have filed a Notice of Removal of

5  the above-captioned action, a copy of which is attached hereto, with the United States District

6  Court for the Eastern District of California.

7      PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(d), the filing of

8  said Notice in the United States District Court, together with the filing of said Notice with this

9  Court, effects the removal of this action and the above-captioned Court may proceed no further

10  unless and until the case has been remanded.

11  Dated: September 26 2007          LOMBARDI, LOPER & CONANT, LLP

12

13                                  By: _____

14                                         ERIN EILEEN FRY
                                         Attorneys for Defendant
                                    NATIONAL RAILROAD PASSENGER
15                                  CORPORATION and BNSF RAILWAY COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13249-36021 EEF 543222.1                    2                Case No. S-1500-CV 261675 AEW

DEFS NRPC'S AND BNSF'S STATE NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**
*Mary G. Lopez, et al. v. National Railroad Passenger Corporation, et al.*
*Kern County Superior Court Case No. S-1500-CV 262675 AEW*

I, Noelle Duncan, hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the county of Alameda; my business address is Lombardi, Loper & Conant, LLC, 1999 Harrison Street, Suite 2600, Oakland, CA 94612.

On September 26, 2007, I served the within:

**DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION'S AND BNSF RAILWAY COMPANY'S STATE NOTICE OF REMOVAL TO FEDERAL COURT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Patrick McNicholas
Juan C. Victoria
McNicholas & McNicholas, LLP
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024

Telephone:  (310) 474-1582
Facsimile:  (310)
*Attorneys for Plaintiffs*

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

☒ **By Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service.)*

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2899

13249-36021 EEF 543218.001          1          Case No. S-1500-CV 262675 AEW

PROOF OF SERVICE

☐    **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2007, at Oakland, California.

_____
Noelle Duncan

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2699

13249-36021 EEF 543218.001                    2                    Case No. S-1500-CV 262675 AEW

PROOF OF SERVICE