1
2
3
4
5
6
7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                     EASTERN DISTRICT OF CALIFORNIA

9
MARY G. LOPEZ, et al.,              )        **Case No. 1:07-cv-01417 OWW GSA**
10                                  )
                                    )        ORDER DENYING MOTION TO
11                                  )        REMAND
                                    )
12                                  )
              Plaintiff,            )        (Document 9)
13                                  )
         vs.                        )
14                                  )
BNSF RAILWAY COMPANY, et al.,       )
15                                  )
                                    )
16            Defendants.           )
                                    )
17 _____)

18
19       Plaintiffs Mary G. Lopez, et al. ("Plaintiffs") filed the instant motion to remand on October

20   26, 2007.  The matter was heard on November 30, 2007, before the Honorable Gary S. Austin,

21   United States Magistrate Judge.  Juan C. Victoria appeared on behalf of Plaintiffs.  Erin Eileen Fry

22   appeared on behalf of Defendants National Railroad Passenger Corporation ("Amtrak") and BNSF

23   Railway Company ("BNSF") (collectively "Defendants").  John Hoxie appeared telephonically on

24   behalf of the California Department of Transportation.

                                    **BACKGROUND**
25
26       Plaintiffs filed their action in the Kern County Superior Court on August 24, 2007, alleging

27   causes of action for (1) wrongful death; (2) negligence; and (3) dangerous condition of public

28                                        1

1  property.

2       Defendant BNSF was served with the complaint on September 18, 2007.  Defendant Amtrak

3  was served with the complaint on September 19, 2007.  Defendants filed their answer on September

4  26, 2007.

5       On September 26, 2007, Defendants filed their notice of removal.  Defendants explain that

6  the Court has original jurisdiction over the claim against Defendant Amtrak under 28 U.S.C. § 1331

7  (federal question jurisdiction) because Amtrak was incorporated by an Act of Congress and the

8  United States of America owns more than 50% of Defendant Amtrak's capital stock.  Therefore,

9  Defendants base their removal on 28 U.S.C. § 1441(a) because the matter is a civil action brought in

10  a state court over which the district courts of the United States have original jurisdiction.

11       Plaintiffs filed the instant motion to remand on October 26, 2007.

12                                **FACTS**

13       According to the complaint, on August 7, 2006, Salvador V. Lopez was driving a 1997

14  Freightliner Truck on SR-43.  Mr. Lopez turned left onto Peterson Road and drove eastbound

15  approximately fifty feet until he entered into a railroad crossing located in an unincorporated area

16  within the County of Kern, California.  Upon entering the railroad crossing, Mr. Lopez's truck was

17  struck by Amtrak Train Number 701, which was traveling northbound on the BNSF railroad tracks.

18  Plaintiffs contend that Mr. Lopez's truck was completely destroyed by the collision and that the

19  collision resulted in Mr. Lopez's death.

20       Plaintiffs further allege that the Amtrak train was traveling at an unsafe and dangerous speed,

21  the railroad crossing was not protected with an automatic gate for traffic entering, approaching or

22  crossing from Peterson Road or SR-43, the railroad crossing was inadequately protected with old and

23  obsolete flashers and the flashers were not properly maintained or properly cleaned.

24       Plaintiffs filed suit against BNSF, Amtrak, the State of California, the California Department

25  of Transportation (CalTrans), the County of Kern, the City of Delano, the City of McFarland, the

26  City of Wasco and Does 1 through 200.

27

28

1

## **DISCUSSION**

2       Plaintiffs argue that remand to state court is proper because Defendants BNSF and Amtrak

3   failed to obtain the consent of the remaining defendants to this action prior to removal and failed to

4   demonstrate any basis to relieve Defendants of the obligation to obtain such consent.[1]

5   A.      Removal Procedure

6       Removal of a civil action from a State court is governed by the procedure set forth in Title 28

7   of the United States Code, section 1446.  In relevant part, section 1446 provides as follows:

8       **(a)** A defendant or defendants desiring to remove any civil action or criminal
        prosecution from a State court shall file in the district court of the United States for
9       the district and division within which such action is pending a notice of removal
        signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a
10      short and plain statement of the grounds for removal, together with a copy of all
        process, pleadings, and orders served upon such defendant or defendants in such
11      action.

12      **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty
        days after the receipt by the defendant, through service or otherwise, of a copy of
13      the initial pleading setting forth the claim for relief upon which such action or
        proceeding is based, or within thirty days after the service of summons upon the
14      defendant if such initial pleading has then been filed in court and is not required to
        be served on the defendant, whichever period is shorter.
15
16  As stated in subsection (a), only a "defendant or defendants" may remove a case from state to federal

17  court.  28 U.S.C. § 1446(a).  In a case with multiple defendants, "[a]ll defendants must join in a

18  removal petition."  *See, e.g.*, *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986).  If fewer than

19  all defendants join in removal, the removing party has the burden to affirmatively explain the

20  absence of the non-joining defendants in the notice of removal.  *See Prize Frize, Inc. v. Matrix (U.S.)*

21  *Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other grounds by *Abrego Abrego v. Dow*

22  *Chemical Co.*, 443 F.3d 676, 670 (9th Cir. 2006).

23      Here, Defendants Amtrak and BNSF filed the notice of removal.  In the notice, Defendants

24  urged that removal was appropriate as to Amtrak based on original jurisdiction and that BNSF,

25  which was represented by counsel for Amtrak, consented to the removal.  No other defendants joined

26      _____
        [1]The parties do not appear to contest that the Court would have jurisdiction in a properly removed

27  action.

28                                      3

1    the removal.  As fewer than all defendants joined in the removal petition, Defendants Amtrak and

2    BNSF provided the following explanations for the absence of the remaining defendants: (1) that

3    defendants State of California, CalTrans, City of Delano, City of McFarland and City of Wasco are

4    sham defendants or fraudulently joined and, thus, need not join in the removal; (2) that any claims

5    that Plaintiffs may have against sham or fraudulently joined defendants State of California, CalTrans,

6    City of Delano, City of McFarland and City of Wasco would be separate and independent of the

7    claims being removed and, therefore, those defendants need not join in the removal; (3) upon

8    information and belief, no other defendants had been served at the time of removal and, thus, they

9    need not join in the removal; and (4) doe defendants need not join in the removal.

10        Plaintiffs argue that remand is appropriate because (1) the remaining named defendants did

11   not consent to removal although they had been served as of the date the notice of removal was filed;

12   (2) the claims of BNSF and Amtrak are not "separate and independent" from the claims against the

13   remaining defendants; and (3) BNSF and Amtrak have not demonstrated that the joinder of other

14   defendants is sham or fraudulent.

15   B.        Consent to Removal

16        As discussed above, case law generally requires that all defendants join in the notice of

17   removal.  However, there are a number of recognized exceptions to this rule, including where a non-

18   joining defendant has not been served with process in the state action.  *See*, *e.g.*, *Community Bldg.*

19   *Co. v. Maryland Casualty Co.*, 8 F.2d 678 (9th Cir. 1925), *cert denied*, 270 U.S. 652, 46 S.Ct. 351

20   (1926).  Here, Defendants BNSF and Amtrak contend that they did not have constructive notice that

21   the remaining named defendants had been served at the time of removal.  Defendants BNSF and

22   Amtrak report that on September 26, 2007, prior to filing the removal notice, their defense counsel

23   searched the electronic Register of Actions/Case Docket for the Superior Court of California, County

24   of Kern to determine the status of service for the other named defendants.  At that time, there was no

25   proof of service on file.  Declaration of Erin Eileen Fry, ¶ ¶ 1, 3.  Prior to removal, on September 26,

26   2007, Defendants' counsel also contacted legal counsel for Kern County, who was unaware of any

27   service on the county.  Declaration of B. Clyde Hutchinson, ¶ 7.  Thereafter, Defendants filed their

28
                                                    4

1  notice of removal.  That same day, Plaintiffs filed proofs of service as to the City of Delano, City of

2  Wasco, City of McFarland and County of Kern.

3          Plaintiffs argue that because BNSF was served on September 18, 2007, and all other

4  defendants were served on September 19, 2007, which was prior to the notice of removal, consent of

5  the other defendants was required to remove the action.

6          Defendants BNSF and Amtrak admit that there is no controlling authority regarding "whether

7  or not the unserved defendant exception applies in situations such as this where at the time of

8  removal the removing defendant did not have constructive notice of service on any other defendants

9  due to the fact that there was no proof of service on file at the time of removal." Opposition to

10  Plaintiffs' Motion to Remand, p. 5.  Instead, Defendants BNSF and Amtrak ask the Court to follow

11  the reasoning in *Milstead Supply Co. v. Casualty Ins. Co*., 797 F.Supp. 569 (W.D.Tex. 1992).  In

12  *Milstead*, the removing defendant inquired to determine whether a co-defendant had been served,

13  but, at the time of the inquiry, no return of service had been filed with the state court.  Subsequently,

14  the service of process was filed slightly less than three hours before the filing of the notice of

15  removal.  The Court held that "joinder in or consent to the removal petition must be accomplished by

16  only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually

17  knew or should have known had been served."  *Id*. at 573.  The Court determined that the removing

18  party was "reasonably diligent" in attempting to ascertain whether the other defendant had been

19  served by inquiring with the court regarding a return of service.  *Id*.

20          Defendants also urge reliance on the decision in *Laurie v. National Railroad Passenger*

21  *Corporation*, 2001 WL 34377958 (E.D.Pa.).  In *Laurie*, defendant Amtrak removed the case without

22  seeking consent of the other defendants.  Prior to filing its notice of removal, Amtrak consulted the

23  state court docket, and because no proofs of service for the other defendants had been filed, did not

24  seek their consent.  The proofs of service for the other defendants were not filed until the day after

25  Amtrak filed its notice of removal, although the parties were served prior to the filing of the notice.

26  Plaintiffs sought a remand because Amtrak did not obtain the written consent of the other parties.

27  The Court found that Amtrak was "reasonably diligent" in the actions it took in consulting the state

28

court docket prior to filing its notice of removal. *Id.* at *1.

Plaintiffs counter that Defendants BNSF and Amtrak offer no cogent reason why the Court should follow *Milstead* and suggest that the reasoning in *Pianovski v. Laurel Motors, Inc.*, 924 F.Supp. 86 (N.D. Ill. 1996) should control. In *Pianovski*, plaintiff Pianovski filed a case against defendants Laurel Motors, Inc. ("Laurel") and Chase Auto Finance ("Chase") in the Circuit Court of DuPage County. The plaintiff served Laurel with the complaint on January 11, 1996, and Laurel removed the case to federal court on February 9, 1996. The plaintiff asserted that he served Chase on January 18, 1996, and filed the proof of service regarding Chase with the DuPage County Clerk on February 8, 1996. *Id.* at 86-87.

Laurel argued to the Court that its efforts to comply with the removal statute should have excused its failure to file a notice of removal in which Chase joined. Laurel explained that on February 8, 1996, its attorney called the DuPage County Clerk and was informed that no service of process for Chase had been filed. That same day, Laurel's attorney directed an employee in the law firm's docketing department to inquire about the matter. On February 9, 1996, the law firm employee told Laurel's attorney that neither an appearance on behalf of Chase nor a return of service had been filed. *Id.* at 87.

The *Pianovski* Court rejected Laurel's argument and held:

> A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. Laurel should have taken further action to determine whether Chase had been served, such as attempting to contact Chase. [Citation omitted.] Requiring Laurel to have made more of an effort than it did is eminently reasonable because, according to Laurel, after a document is file-stamped in DuPage County, the Clerk takes three days to enter it in its computer and five weeks to place it in the court file. [ ] Thus, Laurel could not have learned that Mr. Pianovski filed the return of service relating to Chase on February 8, 1996 merely by contacting the Clerk on February 8 and 9, 1996. Accordingly, I find that Laurel was not reasonably diligent. This case is, consequently, unlike one on which Laurel relies. *See Milstead Supply Co. v. Casualty Insurance Co.*, 797 F.Supp. 569, 573 (W.D.Tex. 1992) (holding that first defendant that filed a removal petition did not have to join or obtain the consent of second defendant because *inter alia* first defendant was reasonably diligent).

*Id.*

In relying on *Pianovski*, Plaintiffs aver that there is no reason Defendants' counsel could not

6

have called Plaintiffs' counsel to determine if other defendants had been served and that Defendants would have been aware that proofs of service would not have been on file in Kern County at the time of removal because Plaintiffs' counsel is in Los Angeles and all of the defendants are outside of Los Angeles or the proofs of service would not have been reflected on the docket one week after service.

Contrary to Plaintiffs argument, Defendants did not have a duty to contact Plaintiffs' counsel to investigate whether the remaining defendants were served with the complaint. *Pianovski* is distinguishable from the present case as there has been no showing that the Clerk's Office of the Kern County Superior Court experienced the same type of delay accounted for in *Pianovski*. Accordingly, the "reasonable diligence" standard of *Milstead* and *Laurie* is persuasive.  Defendants exercised such reasonable diligence by checking the Kern County Superior Court docket to ascertain whether or not other named defendants had been served prior to filing their notice of removal.

Insofar as Defendants were not required to obtain the consent of the unserved defendants in this matter, it is unnecessary to address Defendants' additional explanations regarding lack of consent by the remaining defendants, including claims of  "sham" or "fraudulently joined" defendants and the presence of "separate and independent claims."

Based on the foregoing, Plaintiffs' motion to remand is DENIED.


IT IS SO ORDERED.

 **Dated:**   **December 7, 2007**             **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

7