**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY G. LOPEZ, individually and as Successor-In-Interest on behalf of Decedent SALVADOR V. LOPEZ; SALVADOR M. LOPEZ, individually and as Successor-In-Interest on behalf of Decedent SALVADOR V. LOPEZ; OSVALDO RENE LOPEZ, a minor, by and through Guardian ad Litem, MARY G. LOPEZ; TOMMY GREGORY LOPEZ, a minor, by and through Guardian ad Litem, MARY G. LOPEZ; and MEGHIN LEANNE LOPEZ, a minor, by and through Guardian ad Litem, MARY G. LOPEZ,<br><br>             Plaintiffs,<br><br>     v.<br><br>BNSF RAILWAY COMPANY; NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK); STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF TRANSPORTATION (CALTRANS); COUNTY OF KERN; CITY OF DELANO; CITY OF McFARLAND; CITY OF WASCO; and DOES 1 through 200, Inclusive,<br><br>             Defendants. | 1:07-CV-01417-OWW-GSA<br><br>MEMORANDUM DECISION AND ORDER RE GRANTING MOTION TO WITHDRAW AS COUNSEL (Doc. 38) |

Plaintiffs' counsel, Juan C. Victoria, Esq. of McNicholas & McNicholas, LLP, moves for an order to withdraw as counsel of record for Plaintiffs Mary G. Lopez, Salvador M. Lopez, Osvaldo Rene Lopez, Tommy Gregory Lopez, and Meghin Leanne Lopez. (Doc.

1

38. Motion to Withdraw as Counsel, filed April 24, 2008)  The matter was scheduled for oral argument on June 23, 2008. Defendant County of Kern filed a non-opposition to the Motion to Withdraw as Counsel.  (Doc. 39, Non-Opposition, filed June 6, 2006)  No other named Defendant has filed an opposition or non-opposition to this Motion to Withdraw as Counsel.[1]

The Complaint, filed in Superior Court of California, County of Kern on August 24, 2007, was removed to Federal District Court on September 26, 2007.  (Doc. 2)  The case is less than a year old.  Mr. Victoria seeks withdrawal as counsel on the grounds that Plaintiffs disagree with Mr. Victoria on the manner in which the case should be handled.  (Doc. 38, Motion to Withdraw, p. 2:8-10)

An attorney who has appeared in court on behalf of a client may not withdraw without receiving permission from the Court. Local Rule 83-182(b).  "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California [Rule 3-700, Termination of Employment], and the attorney shall conform to the requirements of those Rules."  L.R. 83-182(b). The client and all other parties who will be affected must be given written notice and allowed to challenge the withdrawal. *Id*.  Plaintiff's counsel has submitted an affidavit stating the current or last known address or addresses of the client and the

---

[1] Counsel for Defendant State of California, Department of Transportation (CalTrans) requested to specially appear at the hearing, without making a formal appearance, to preserve CalTrans challenge to subject matter jurisdiction.  CalTrans counsel's appearance is not necessary and oral argument was taken off calendar and the matter was submitted on the papers.

**2**

efforts made to notify the client of the motion to withdraw pursuant to Local Rule 83-182(d).  Mr. Victoria has followed the procedures set forth in Local Rule 83-182(d).

Plaintiffs Mary G. Lopez and Salvador M. Lopez have agreed to discontinue the attorney-client relationship with Mr. Victoria.  (Doc. 38-2 and 38-3, Client Consents to Withdrawal of Counsel, signed and dated, April 22, 2008)  Rule 3-700(C)(5) provides that if "(5) The client knowingly and freely assents to termination of the employment;," an attorney may permissively withdraw as counsel.

Plaintiff Mary G. Lopez's Consent to Withdrawal of Counsel, also consents to withdrawal of counsel, as guardian ad litem for minor Plaintiffs Osvaldo Rene Lopez, Tommy Gregory Lopez, and Meghin Leanne Lopez.  However, Mary. G. Lopez cannot represent in propria persona her children as guardian ad litem and must retain counsel for minors Osvaldo Rene Lopez, Tommy Gregory Lopez, and Meghin Leanne Lopez.  "The withdrawal of counsel as distinguished from the substitution of qualified counsel leaves the guardian ad litem in the untenable position of perhaps committing a misdemeanor: practicing law without a license.  (Bus. & Prof. Code, § 6126.)  Thus, a trial judge should not ordinarily permit an attorney to withdraw unless other qualified counsel has been obtained.  Instances will arise, however, where an order permitting counsel to withdraw before replacement counsel has been obtained may be a proper exercise of the judge's discretion due to extenuating circumstances.  In those situations the court should adequately apprise the guardian ad litem of the need to obtain qualified replacement counsel and the fact that the

guardian ad litem would be unable to proceed in propria persona as guardian ad litem." *Torres v. Friedman*, 169 Cal.App.3d 880, 888, 215 Cal.Rptr. 604, 609 (1985).  "[I]t is quite possible that the minor's rights will be severely jeopardized by such withdrawal."  *Id.*

## CONCLUSION

Juan C. Victoria's, counsel of record for Plaintiffs, motion to withdraw as counsel for Plaintiffs Mary G. Lopez and Salvador M. Lopez is GRANTED.  Mr. Victoria's motion to withdraw as counsel for minors, Osvaldo Rene Lopez, Tommy Gregory Lopez and Meghin Leanne Lopez, is GRANTED, expressly conditioned upon Mary G. Lopez, as guardian ad litem, securing counsel within (30) thirty days from entry of this order by the clerk of the court.

IT IS SO ORDERED.

Dated:   **June 18, 2008**              **/s/ Oliver W. Wanger**
                                   UNITED STATES DISTRICT JUDGE