# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY G. LOPEZ, individually and as Successor-In-Interest on behalf of Decedent, SALVADOR V. LOPEZ; SALVADOR M. LOPEZ, individually and as Successor-In-Interest on behalf of Decedent, SALVADOR V. LOPEZ; OSVALDO RENE LOPEZ, a minor, by and through his Guardian ad Litem, TOMMIE CRUZ; TOMMY GREGORY LOPEZ, a minor, by and through his Guardian ad Litem, TOMMIE CRUZ; and MEGHIN LEANNE LOPEZ, a minor, by and through Guardian ad Litem, TOMMIE CRUZ,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY; NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK); STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF TRANSPORTATION (CALTANS); COUNTY OF KERN; and DOES 1 through 200, Inclusive,<br><br>Defendants. | 1:07-cv-1417 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 12/18/09<br><br>Non-Dispositive Motion Filing Deadline: 1/4/10<br><br>Dispositive Motion Filing Deadline: 2/4/10<br><br>Settlement Conference Date: 1/6/10 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 4/12/10 11:00 Ctrm. 3<br><br>Trial Date: 5/25/10 9:00 Ctrm. 3 (JT-15 days) |

I.  Date of Scheduling Conference.

November 21, 2008.

///

II.   Appearances Of Counsel.

McNicholas & McNicholas, LLP by Jennifer Ostrtag, Esq. appeared on behalf of the all the minor Plaintiffs and their Guardian Ad Litem.

Mary G. Lopez appeared pro se.

Salvador M. Lopez appeared pro se.

Lombardi, Loper & Conant, LLP by Jason B. Shane, Esq., appeared on behalf of Defendants BNSF Railway Company and National Railroad Passenger Corporation.

Jeffrey B. Knox, Esq., appeared on behalf of the Defendants State of California, Department of Transportation.

B. C. Barmann, Sr., County Counsel by Mark L. Nations, Esq., appeared on behalf of Defendant County of Kern.

III.  Summary of Pleadings.

1.   Decedent Salvador V. Lopez was killed on August 7, 2006, when the vehicle he was operating was struck by an Amtrak train operated over BNSF Railway tracks.

2.   This action arises from the decedent's death and Plaintiffs' alleged causes of action for wrongful death, negligence and dangerous condition of public property against all Defendants involved in this action.  Plaintiffs maintain that the Amtrak train was traveling at an unsafe and dangerous speed at the time of the incident.  In addition, Plaintiffs allege that the railroad crossing was not protected with an automatic gate for traffic entering and was inadequately protected with old and obsolete installation of train-activated flashers.  Plaintiffs also allege that crossing and safety flashers were not properly maintained, repaired or inspected by the Defendants.

3.   Plaintiffs contend that the railroad crossing at issue constituted a dangerous condition at the time of the collision between the Amtrak train and decedent's vehicle.

4.   Defendants National Railroad Passenger Corporation ("Amtrak) and BNSF Railway Company ("BNSF") contend that there is no evidence to support a claim of engineer misconduct, as the train's horn and bell were sounded consistent with California statute and railroad operating rules.  Furthermore, Amtrak and BNSF contend that the crossing signals at this single-track main line crossing were fully operational at the time of the accident and were adequate to warn motorists of an approaching train.

5.   Additionally, Amtrak and BNSF and Defendants State of California and California Department of Transportation contend that Plaintiffs' decedent did not use due care when traversing the single track main line crossing at Peterson Road in his Freightliner Tractor.  When traversing the crossing, Plaintiffs' decedent was not paying attention to the properly activated train warning signals including flashing lights at the crossing, train-warning horn blasts and bells emitted by the engine.  As a result of this failure, Plaintiffs' decedent was the sole cause of Plaintiffs' injuries.

6.   It is the position of Defendant State of California and California Department of Transportation that they deserve a grant of sovereign immunity per the Eleventh Amendment to the U.S. Constitution through a motion brought under FRCP, Rule 12(b)(1) which was filed on August 7, 2008.

7.   Defendant County of Kern is not responsible for the operation or maintenance of the crossing at which decedent was

3

killed. Defendant County of Kern has ownership and control over the roadways within its road system. The Roadway leading up to crossing was not in a dangerous condition and drivers utilizing the roadway had adequate advanced warning of the railroad crossing. The section of Peterson Road over which the railroad tracks cross and at which the incident occurred is located within the unincorporated area of Kern County.

IV.   Orders Re Amendments To Pleadings.

   1.   The parties do not presently contemplate amending the pleadings.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Decedent Lopez was killed on August 7, 2006.

      2.   He was killed as a result of an Amtrak train colliding with his tractor-trailer vehicle.

      3.   The collision occurred at the Peterson Road crossing, located in an unincorporated section of the County of Kern.

      4.   Prior to the collision, decedent was driving northbound on State Route 43 that runs parallel to the railroad tracks and then turned left (westbound) onto Peterson Road shortly before crossing onto the railroad tracks.

      5.   The Peterson Road railroad crossing was not equipped as of August 7, 2006, with automatic crossing arms.

      6.   The Peterson Road railroad crossing was equipped with an electronic railroad signal consisting of lights, bells and signs.

4

7. The electronic signal in place, as of August 7, 2006, at the Peterson Road crossing, was operational at the time of the incident.

8. The County had in place as of August 7, 2006, a railroad crossing warning sign in advance of the railroad tracks visible to drivers turning onto Peterson Road from State Route 43.

9. Mary G. Lopez is an individual resident of the County of Kern.

10. Salvador M. Lopez is an individual resident of the County of Kern.

11. Tommie Cruz is an adult resident of the County of Kern and the duly appointed and acting Guardian Ad Litem for Osvaldo Rene Lopez, Tommie Gregory Lopez, and Meghin Leanne Lopez.

12. BNSF Railway Company is a Delaware corporation doing business within the Eastern District of California.

13. National Railroad Passenger Corporation is organized under the laws of the District of Columbia and a Federal public entity.

14. California Department of Transportation is a public entity and agency of the State of California.

15. County of Kern is a public entity and a political subdivision of the State of California.

B. Contested Facts.

1. The presence of the railroad tracks, the warning signals and any train operating thereon was an open and obvious condition to motorists traveling northbound on State Route 43 and

5

1 turning westbound onto Peterson Road.

2          2.   Defendants State of California and California
3 Department of Transportation contest any allegation that they had
4 a duty or any control regarding the railroad crossing safety
5 features at the subject incident intersection.

6          3.   The County of Kern does not own, control or
7 maintain the railroad track crossing nor any of the signal
8 devices or warning signs located within the railroad right of
9 way.

10          4.   Decedent Lopez was either inattentive or
11 deliberately tried to beat the train to the crossing.

12          5.   Whether Plaintiffs' decedent exercised due care
13 when traversing the single track main line crossing of Peterson
14 Road by not paying attention to properly activated train-warning
15 signals, train-warning horn blasts and a ringing bell from the
16 engine.

17          6.   Plaintiffs maintain that the Amtrak train was
18 traveling at an unsafe and dangerous speed at the time of the
19 incident.

20          7.   Plaintiffs also allege that the railroad crossing
21 was not protected with an automatic gate for traffic entering and
22 was inadequately protected with old and obsolete installation of
23 train-activated flashers.  Plaintiffs allege that crossing and
24 safety flashers were not properly maintained, repaired or
25 inspected by the Defendants.

26          8.   Plaintiffs contend that the railroad crossing at
27 issue constituted a dangerous condition at the time of the
28 collision between the Amtrak train and decedent's vehicle.

      9.    The legal issues of negligence, causation and the nature and extent of the damages are all in dispute as to this matter.

VI.   Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction, except as disputed by the State of California on Eleventh Amendment grounds, exists under 28 U.S.C. § 1331.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The claims asserted under state law invoke 28 U.S.C. § 1336 and the supplemental jurisdiction of the Court. The parties agree that the substantive law of the State of California provides the rule of decision as to supplemental claims.

        4.    State law controls as to Plaintiffs' causes of action against County of Kern.

        5.    State law would govern Plaintiffs' causes of action against Amtrak and BNSF unless state law is pre-empted by the Federal Rail-Highway Safety Act or other federal statutes and case law interpreting such statutes. As an example, state law claims of unreasonable train speed are pre-empted if the train was traveling within the speed restrictions set by the Federal Railroad Administration. *CSX Transp., Inc. v. Easterwood* (1993) 507 U.S. 658, 675-76.

    B.    Contested.

        1.    Peterson Road was not in a dangerous condition as of August 7, 2006. The Plaintiffs maintain that Peterson Road and the railroad crossing were in a dangerous condition on the

7

date of the incident.

    2.   It is the position of Defendants State of California and California Department of Transportation that they deserve a grant of sovereign immunity per the Eleventh Amendment to the U.S. Constitution through a motion brought under FRCP, Rule 12(b)(1) which was filed on August 7, 2008.  Defendants State of California and California Department of Transportation contest any allegation that it had a duty or any control regarding the railroad crossing safety features at the subject incident intersection.

    3.   Defendants State of California and California Department of Transportation plan to assert that Plaintiffs' decedent was not using the public property at issue with due care at the time of this incident.

    4.   As a matter of law, County of Kern is not legally responsible for the types of warning signals or other devices installed and maintained by the railroad at the Peterson Road railroad crossing.

    5.   Plaintiffs' decedent Salvador V. Lopez was negligent in the operation of the vehicle in which he was killed.

VII. Consent to Magistrate Judge Jurisdiction.

  1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

  1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with

its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.  The parties' Initial Disclosures under Rule 26 shall be made on or before December 5, 2008.  With regard to the State of California, Department of Transportation, Rule 26 disclosures shall not be due until the Motion to Dismiss, which is now pending, has been heard and decided.

    2.  The parties are ordered to complete all non-expert discovery on or before September 8, 2009.

    3.  The parties are directed to disclose all expert witnesses, in writing, on or before September 8, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before October 16, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.  The parties are ordered to complete all discovery, including experts, on or before December 18, 2009.

    5.  The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and

opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Hearing on Motions to Dismiss.

    1.   The State of California has filed a Motion to Dismiss which will be heard on the following schedule: Any opposition to the Motion to Dismiss shall be filed on or before December 5, 2008.  The moving parties' reply shall be filed on or before December 12, 2008.  The Motion will be heard January 12, 2009, at 10:00 a.m. in Courtroom 3.  All parties waive notice of the Motion to Dismiss, as the matter has been set by Court schedule and will be heard more than thirty days following this date of scheduling.

XI.  Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 4, 2010, and heard on February 5, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than February 4, 2010, and will be heard on March 8, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XII. Pre-Trial Conference Date.

    1.    April 12, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XIII.    Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIV.    Trial Date.

    1.    May 25, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    15 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XV.    Settlement Conference.

    1.    A Settlement Conference is scheduled for January 6,

2010, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

        5.    The Confidential Settlement Conference Statement shall include the following:
              a.   A brief statement of the facts of the case.
              b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
              c.   A summary of the proceedings to date.
              d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.
              e.   The relief sought.
              f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XVI. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.
    1.   None.

XVII.    Related Matters Pending.
    1.   There are no related matters.

XVIII.   Compliance With Federal Procedure.
    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District

13

of California, and keep abreast of any amendments thereto.

**XIX. Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   November 21, 2008**            **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE