**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY G. LOPEZ, individually and as Successor-in-Interest on behalf of decedent, SALVADOR V. LOPEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BNSF RAILWAY COMPANY, *et al.*, <br><br> Defendants. | 1:07-CV-01417-OWW-GSA <br><br> MEMORANDUM DECISION GRANTING DEFENDANT COUNTY OF KERN'S MOTION FOR SUMMARY JUDGMENT (Doc. 67) |

## I. INTRODUCTION

Before the court for decision is Defendant County of Kern's motion for summary judgment on Plaintiffs' first, second, and third causes of action. County of Kern served the motion on Plaintiffs on April 9, 2009. On May 28, 2009, Plaintiffs filed a statement of non-opposition to County of Kern's motion for summary judgment.

## II. FACTUAL BACKGROUND

This case arises out of a collision between a truck driven by Salvador V. Lopez and an Amtrak train in an unincorporated area of Kern County. On August 7, 2006, Lopez was driving northbound on State Route 43, parallel with railroad tracks owned by Defendant

1

Burlington Northern Santa Fe Railroad ("BNSF"). (Defendant's Statement of Undisputed Material Facts ("DSUMF") 1-2.) The railroad tracks were located west of Route 43, or to Lopez's left. (DSUMF 2.) From Route 43, Lopez turned west onto a fifty-foot stretch of Peterson Road. (DSUMF 5.) Peterson Road and the railroad tracks intersect approximately fifty-feet from the Route 43 and Peterson Road crossway. (DSUMF 3,5.) Kern County owns and controls the fifty-foot stretch of Peterson Road, but does not own the railroad crossing or the crossing's electronic devices. (DSUMF 4,6, 15.)

On August 7, 2006, the fifty-foot stretch of Peterson Road consisted of a single lane in each direction separated by double yellow lines. (DSUMF 14.) A railroad crossing sign was posted for westbound traffic on the north shoulder of Peterson Road and a limit line was painted on the pavement. (DSUMF 11.) The railroad crossing was equipped with flashing lights, an electronic warning bell, and a railroad crossing sign. (DSUMF 19.) The lights were operating when Mr. Lopez approached the crossing and there were no visual obstructions preventing Mr. Lopez from noticing a train approaching from the south. (DSUMF 19-20.)

At around 7:50 a.m., Mr. Lopez approached the railroad crossing, but did not stop for the train, which had been sounding its horn. (DSUMF 21-22.) Mr. Lopez drove in front of the train, was broad-sided and killed. (DSUMF 21.)

### III.  **PROCEDURAL BACKGROUND**

On August 24, 2007, Plaintiffs filed a complaint in the Superior Court, County of Kern, against BNSF Railway Company, Kern

**2**

County, Amtrak, the State of California, California Department of Transportation, and the Cities of Delano, McFarland, and Wasco. Plaintiffs alleged defendants were liable under theories of wrongful death (Count I), negligence (Count II), and dangerous condition of public property (Count III).[1] On September 26, 2007, the case was removed to federal court. (Doc 2.)

Defendant Kern County filed its answer to Plaintiffs' complaint on January 11, 2008. (Doc. 25.)

On April 9, 2009, Kern County moved for summary judgment on Plaintiffs' first, second, and third causes of action. (Doc. 67.) Kern County argues they are entitled to summary judgment because: 1) Government Code § 815 prohibits Plaintiffs' wrongful death and negligence claims; and 2) there was no dangerous condition at the Peterson railroad crossing on August 7, 2006.

On May 29, 2009, Plaintiffs filed a statement of non-opposition to Kern County's motion. (Doc. 69.)

## IV. **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

---

[1] Defendants State of California and California Department of Transportation were dismissed for lack of subject matter jurisdiction on January 8, 2008. (Doc. 66.)

**3**

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (noting that a party moving for summary judgment on claim as to which it will have the burden at trial "must establish beyond controversy every essential element" of the claim) (internal quotation marks omitted). When a motion for summary judgment is properly made and supported, the non-movant cannot defeat the motion by resting upon the allegations or denials of its own pleading, rather the "non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Id.*

To defeat a motion for summary judgment, the non-moving party must show there exists a *genuine* dispute (or issue) of *material* fact. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "[S]ummary judgment will not lie if [a] dispute about a material

fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In ruling on a motion for summary judgment, the district court does not make credibility determinations; rather, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### V. DISCUSSION

#### A. Plaintiffs' First and Second Causes of Action

Kern County argues that it is entitled to summary judgment as to Plaintiffs' first and second causes of action because Plaintiffs do not have a proper statutory basis for their claims.

The Government Claims Act (the "Act") governs the potential liability of public entities and their employees and confines it to "rigidly delineated circumstances." *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976); *accord, State of California v. Superior Court*, 32 Cal.4th 1234, 1243 (2004). The Act distinguishes between public entities, which are immune from liability except as provided by statute (Gov. Code § 815), and public employees, who may be held liable to the same extent as private persons (Gov. Code § 820). Under the Act, a public entity may be held vicariously liable for injuries caused by the acts and omissions of its employees acting within the scope of their employment. Cal. Gov. Code, § 815.2(a); *Hoff v. Vacaville Unified School Dist.*, 19 Cal.4th 925, 932 (1998). A specific statutory basis is required, however, to hold a public

5

entity directly liable for its own conduct.[2] *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183. Liability under these principles is subject to specific immunities set out in the Act and generally provided by statute, as well as the defenses otherwise available to private persons. Cal. Gov. Code § 815(b).

Here, Plaintiffs cannot prevail directly against the County for ordinary negligence or wrongful death, as no statutory basis for such liability exists. Cal. Gov. Code § 815; *Eastburn,* 31 Cal.4th at 1183. Plaintiffs filed this action on August 27, 2007, bringing wrongful death and negligence causes of action. Plaintiffs allege that Kern County "owed a duty of care to Decedent Salvadore and Plaintiffs to use reasonable care in the maintenance and operation of the railroad crossing."[3] (Pl.'s Compl. ¶ 66.) However, Plaintiffs' complaint does not identify a statutory basis for Kern County's liability, instead relying on general negligence principles - which are insufficient to establish tort liability against a county. Cal. Gov. Code § 815; *Eastburn,* 31 Cal.4th at 1183. Plaintiffs' discovery responses and subsequent court filings are equally ineffectual to provide a proper statutory basis for their tort claims.

A public entity like the County is not liable for an injury arising out of an act or omission of the public entity except as provided by statute. *Eastburn,* 31 Cal.4th at 1183. Plaintiffs

---

[2] The sole statutory basis for imposing liability on public entities as property owners is Government Code section 835. *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1131-1132

[3] Plaintiffs then outline how Defendants breached the standard of care and proximately caused Lopez's death. (Id. ¶¶ 67-95.)

**6**

have not alleged a specific statutory duty to support their claims and have not opposed summary judgment. Accordingly, Defendant County of Kern is entitled to summary judgment dismissing Plaintiffs' wrongful death and negligence causes of action.

Kern County's motion for summary judgment as to Plaintiffs' first and second causes of action is GRANTED.

**B.     Plaintiffs' Third Cause of Action**.

As explained above, a public entity like Kern County is not liable for an injury arising out of an act or omission of the public entity or its employees except as provided by statute. Cal. Gov. Code § 815(a). The sole statutory basis for imposing liability on public entities as property owners is Government Code section 835. *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1131-1132 (2002)*; Brenner v. City of El Cajon 113,* Cal.App.4th 434, 438-439 (2003). Under that statute, a public entity is "liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or (b) The public entity had actual or constructive notice of the dangerous condition ... a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." Cal. Gov. Code § 835. The element at issue here is the existence

**7**

of a dangerous condition.

### A. The County's Liability is Limited to Property it Owns or Maintains

Government Code 835 imposes liability for injuries caused by a dangerous condition owned or controlled by the County. Cal. Gov. Code §§ 830(c), 835; *Tolan v. State of California*, 100 Cal. App. 3d 980, 982 (1979). Defendants argue that Kern County's prospective liability under Plaintiffs' "dangerous condition" theory is limited to fifty-foot stretch of Franklin Road between Route 43 and the subject railroad crossing; that it did not own or control the railroad tracks or the signal devices located at the crossing. (Def's Mot. 4:8-4:26.)

Plaintiffs' admissions support Kern County's position. Plaintiffs admit that Kern County did not "own, maintain, or control any of the electronic signaling devices located at the crossing." (See Jan. 12, 2009 Resp., Exh. C to Def.'s Mot.; DSUF 6.) Plaintiffs also admit that Kern County did not have authority to install automatic crossing gates at the crossing (DSUMF 10) and that the California Public Utility Commission has exclusive authority to prescribe installation of automatic gates at the crossing and to prescribe the installation, use, maintenance and operation of safety devices at the crossing. (DSUMF 8-9) Plaintiffs admit that the railroad is responsible for the construction of additional warning devices at the crossing and any changes in the existing warning devices at the crossing. (DSUMF 11-12.) In essence, Plaintiffs admit that Kern County did not own, maintain, or control the railroad crossing or any affiliated device

**8**

or warning mechanism.

Plaintiffs' discovery admissions preclude a finding that Kern County owned, operated, or maintained any property - real or otherwise - beyond the fifty-foot stretch of Franklin Road. Even taking the evidence in the light most favorable to Plaintiffs, this remains the only reasonable inference.

Accordingly, analysis of Kern County's potential liability under a "dangerous condition" theory is limited to the aforementioned fifty-foot stretch of Franklin Road, between Route 43 and the railroad crossing.

### B.  Dangerous Condition

A "dangerous condition" is defined as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property ... is used with due care in a manner in which it is reasonably foreseeable that it will be used." Cal. Gov. Code § 830(a). The existence of a dangerous condition is ordinarily a question of fact but "can be decided as a matter of law if reasonable minds can come to only one conclusion." *Bonanno v. Central Contra Costa Transit Auth.*, 30 Cal.4th 139, 148 (2003). The California Legislature has specified that "[a] condition is not dangerous ... if ... the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property ... was used with due care in a manner which was reasonably foreseeable that it would be used." Cal. Gov. Code § 830.2.

"[A] claim alleging a dangerous condition may not rely on generalized allegations but must specify in what manner the condition constituted a dangerous condition." *Brenner*, 113 Cal.App.4th at 439. A plaintiff's allegations, and ultimately the evidence, must establish a physical deficiency in the property itself. *Zelig*, 27 Cal.4th at 1135-1136; *Brenner*, 113 Cal. App. 4th at 440-441. A dangerous condition exists when public property "is physically damaged, deteriorated, or defective in such a way as to foreseeably endanger those using the property itself," or possesses physical characteristics in its design, location, features or relationship to its surroundings that endanger users. *Bonanno,* 30 Cal.4th at 148-149.

Kern County argues that there is nothing about the subject portion of Peterson Road that creates a substantial risk of injury. This argument has merit.

The record indicates that Mr. Lopez traveled only on the fifty-foot stretch of Franklin Road prior to the collision on August 7th. (DSUMF 5.) As of August 7th, the road had two lanes which were divided by double yellow lines, (DSUMF 14), and a limit line for westbound traffic was painted on the pavement. (Decl. of Fiddler, ¶3; Exh. E.) There was a railroad crossing warning sign posted for westbound traffic, (DSUMF 11), and westbound traffic possessed an unobstructed view of the railroad tracks to the south and any northbound train on the same tracks.[4] (DSUMF 13.) There had been no reported accidents at the Peterson Road crossing in the

---

[4] The lights owned, maintained and operated by the railroad and adjacent to Peterson Road were operating at the time Mr. Lopez approached the railroad tracks. (DSUMF, # 19)

**10**

ten years prior to the accident.[5]  (DSUMF 17.)

The evidence is sufficient to sustain Kern County's motion for summary judgment.[6]  Kern County demonstrated that on August 7, 2006, the condition of the roadway was open and obvious, included sufficient notification of the impending railroad crossing, and did not have a history of traffic accidents.  Plaintiffs have no any evidence that Franklin Road was a "dangerous condition" or that Kern County is otherwise liable under a "dangerous condition of public property" theory.[7]  The evidence is clear: the fifty-foot stretch of Franklin Road was not a dangerous condition on the morning of August 7, 2006.

Defendants have met their Rule 56 burden and demonstrated, as a matter of law, that the fifty-foot stretch of Peterson Road was not a dangerous condition on August 7, 2006.  There is no genuine issue of material fact for trial.

Kern County's Motion for Summary Judgment as to Plaintiffs' third case of action for "dangerous condition of public property" is GRANTED.

---

[5] The estimated traffic volume in the area of the crossing was 290 vehicles per day in 2003, 290 in 2004 and 250 in 2005 (DSUMF 18).

[6] The evidence also supports summary judgment because Plaintiffs have not provided sufficient evidence to establish proximate cause.  Two contemporaneous witnesses to the collision testified that the light signals at the crossing were working and the train sounded its horn as it approached the intersection. (DSUMF 19, 22.)  Another witness to the collision reported that Mr. Lopez did not stop before crossing the tracks.  (DSUMF 21.)

[7] Plaintiffs' statement of non-opposition appears to acknowledge that Kern County is not liable under a "dangerous condition of public property" theory.  (Doc. 69.)

11

## VI. CONCLUSION.

For the foregoing reasons:

1. Defendants' motion for summary adjudication is GRANTED as to Plaintiffs' wrongful death claim.

2. Defendants' motion for summary adjudication is GRANTED as to Plaintiffs' negligence claim.

3. Defendants' motion for summary adjudication is GRANTED as to Plaintiffs' "dangerous condition of public property" claim.

Defendant County of Kern shall submit a form of order consistent with this memorandum decision within five (5) days of electronic service.

IT IS SO ORDERED.

**Dated:   July 8, 2009**              **/s/ Oliver W. Wanger**
                               UNITED STATES DISTRICT JUDGE