**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY G. LOPEZ, individually and as Successor-In Interest on behalf of Decedent, SALVADOR V. LOPEZ, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BNSF RAILWAY COMPANY, et al.,<br><br>　　　　　　　Defendants. | )  1:07-cv-1417 OWW GSA<br>)<br>)<br>)  ORDER GRANTING MOTION TO COMPEL<br>)  IN PART<br>)<br>)  ORDER DENYING MOTION FOR<br>)  SANCTIONS IN PART<br>)<br>)<br>)  (Document 70)<br>)<br>)<br>) |

**I. INTRODUCTION**

On June 16, 2009, Defendants Amtrak and BNSF (hereinafter "Defendants") filed a Motion to Compel based on Plaintiffs, Mary Lopez and Salvador Lopez's ("Plaintiffs") lack of compliance with discovery including their failure to serve Initial Disclosures, as well as their failure to respond to Interrogatories, and Requests for Production of Documents. Plaintiffs did not file an opposition to the motion. On July 23, 2009, Defendants filed notice that they had not received an opposition to the motion or additional responses to discovery.

A hearing was held before the Honorable Gary S. Austin on July 30, 2009. Jason Shane appeared telephonically on behalf of the Defendants. Mary Lopez and Salvador Lopez personally appeared pro se. Upon a review of the pleadings, as well as the arguments presented

1

at the hearing, Defendants' Motion to Compel is GRANTED IN PART.  Defendants' Motion for Sanctions is DENIED.

## II.     RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their action in the Kern County Superior Court on August 24, 2007, alleging causes of action for (1) wrongful death; (2) negligence; and (3) dangerous condition of public property.  On September 26, 2009, Defendants Amtrak and BNSF Railway Company filed a Motion of Removal.  On October 26, 2009, Plaintiffs filed a Motion to Remand.  The Motion to Remand was denied by this Court on December 7, 2007. Doc. 20.[1]

According to the complaint, on August 7, 2006, Salvador V. Lopez was driving a 1997 Freightliner Truck on SR-43.  Mr. Lopez turned left onto Peterson Road and drove eastbound approximately fifty feet until he entered into a railroad crossing located in an unincorporated area within the County of Kern, California.  Upon entering the railroad crossing, Mr. Lopez's truck was struck by Amtrak Train Number 701, which was traveling northbound on the BNSF railroad tracks. Plaintiffs contend that Mr. Lopez's truck was completely destroyed by the collision and that the collision resulted in Mr. Lopez's death.

Plaintiffs further allege that the Amtrak train was traveling at an unsafe and dangerous speed, the railroad crossing was not protected with an automatic gate for traffic entering, approaching or crossing from Peterson Road or SR-43, the railroad crossing was inadequately protected with old and obsolete flashers and the flashers were not properly maintained or properly cleaned.

Plaintiffs filed suit against BNSF, Amtrak, the State of California, the California Department of Transportation (CalTrans), the County of Kern, the City of Delano, the City of McFarland, the City of Wasco and Does 1 through 200.  Since the complaint was filed, the State of California, CalTrans, the City of Delano, the City of McFarland and the City of Wasco have been dismissed from this action.  On July 10, 2009, County of Kern's Motion for Summary

---

[1] In addition to the two Plaintiffs who are named in the instant motion, there is one additional adult Plaintiff, Tommie Cruz, and three additional minor Plaintiffs : Osvaldo Rene Lopez, Tommy Gregory Lopez, Meghin Leanne Lopez.  Initially, all of the Plaintiffs were represented by counsel, however, counsel withdrew on June 19, 2008. Doc. 41. Plaintiffs have been proceeding pro se since that time.

Judgment was granted and a proposed final order dismissing Kern County as a party is pending. Docs. 78 and 79.

### III.   THE DISCOVERY DISPUTE

   *A.   Initial Disclosures*

On November 21, 2008, a scheduling conference was held. According to a Scheduling Conference Order issued on November 24, 2008, initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were due on December 5, 2008.  The non-expert discovery deadline is December 18, 2009.  Non-dispositive motions are to be filed no later than January 4, 2010.  To date, neither Mary Lopez or Salvador Lopez served their initial disclosures on counsel for BNSF and Amtrak, nor did they respond to numerous written discovery requests as outlined below.

   *B.   Written Discovery Requests*

On March 9, 2009, Amtrak and BNSF propounded numerous discovery requests to Plaintiffs.  These requests included : Amtrak's Interrogatories to Mary Lopez, Set One, BNSF's Interrogatories to Mary Lopez, Set One, Amtrak's Interrogatories to Salvador Lopez, Set One, Amtrak's Request for Production of Documents to Mary Lopez, Set One, and Amtrak's Request of Production of Documents to Salvador Lopez.  Declaration of Jason Shane ("Shane Declaration"), dated June 16, 2009 at ¶¶ 2-7 and Exhibits A- F. Doc. 72.

On April 23, 2009, after Plaintiffs' time to respond to the discovery expired, counsel for BNSF and Amtrak wrote separate letters to Mary Lopez and Salvador Lopez requesting that they respond to discovery.  Shane Declaration at ¶¶ 8-9 and Exhibits G and H.  Neither Plaintiff responded to the letters.  On May 13, 2009, defense counsel wrote Plaintiffs a second letter requesting that they respond to the requests.  Shane Declaration at ¶¶ 10-11 and Exhibits I and J.

On May 18, 2009, Mary Lopez telephoned counsel for Amtrak and BNSF in response to the letters.  She informed counsel that she would fax him copies of responses she had previously sent to her former attorney.  The day after the telephone conversation, Mary Lopez faxed to BNSF and Amtrak's attorney  unverified, incomplete, and improperly formatted responses to the discovery requests made to both Mary and Salvador Lopez. Shane Declaration at ¶13 and Exhibit K.  To date, Salvador Lopez has not responded to the letters sent by Defendants' counsel.

C. *Remedies requested:*

In the Motion to Compel filed on June 16, 2009, Defendants request the following remedies:

1. An order compelling Plaintiffs to produce their Initial Disclosures, to respond to Defendants' Requests for Production of Documents and Requests for Interrogatories within seven days of the hearing; and

2. Monetary sanctions requiring that Plaintiffs pay reasonable expenses incurred in bringing the Motion to Compel in the amount of $2,390.00 for the time spent preparing the Motion to Compel, preparing a response, attending the hearing, and copying charges.

## IV. ANALYSIS & DISCUSSION

### Scope Of Discovery

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Plaintiff was served various forms of written discovery which are authorized by the Federal Code of Civil Procedure. It appears that Defendants did not receive satisfactory responses to any of their written discovery requests. Furthermore, Plaintiffs failed to provide their Initial Disclosures.

### Discovery Sanctions

Fed. R. Civ. P. 26(a) requires that the parties serve other parties in the action with initial disclosures. Pursuant to the Scheduling Conference Order, the deadline for serving the initial disclosures was December 5, 2008. Similarly, Fed. R. Civ. P. 33(b)(1)(B) requires that unless

4

otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty days after being served. Additionally, Fed. R. Civ. P. 33(b)(3) and (5) requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Any untimely objection to the interrogatory is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). Finally, Fed. R. Civ. P. 34(b)(2)(B) requires parties answering requests for production of documents "either state that inspection and related activities will be permitted as requested or state an objection to the request including the reasons" in each response.

If a *party* fails to respond to discovery, sanctions may be imposed even in the absence of a prior court order. Fed.R.Civ. P. 37(d). The court on motion may order sanctions "[i]f a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2).

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

1.  Designating facts as established;
2.  Refusing to allow the disobedient party to support or oppose designated claims or defenses;
3.  Prohibiting the disobedient party from introducing designated matters in evidence;
4.  Striking pleadings or parts thereof;
5.  Staying further proceedings until an order is obeyed;
6.  Dismissing an action, proceeding or any part thereof; or
7.  Rendering a default judgment against the disobedient party; or
8.  Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
    Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A))

Moreover, in lieu of any such order, or in addition thereto, the Court "must require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). An award of

expenses does not require a showing of wilfulness or improper intent; rather the standard is whether there was a substantial justification for the losing party's conduct. Id. Even without a prior discovery order, discovery misconduct may be punished under the Court's "inherent powers" to manage its affairs. *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

Here, both Plaintiffs provided responses to the Interrogatories and the Requests for Production of Documents, however, the responses were incomplete and did not comply with the Federal Rules of Civil Procedure. Additionally, both Plaintiffs failed to serve their Initial Disclosures. Accordingly, Plaintiffs have not complied for the discovery process.

Although Plaintiffs did not file a written opposition to the motion, they did attend the hearing. At the hearing, Plaintiff Mary Lopez explained that the failure of both Plaintiffs to comply was due to the fact that they are not represented by counsel and did not understand the requests or how to respond to them. She thought that the prior attorney had agreed to prepare the responses for them. She indicated that she recently went to a legal document preparation service for assistance. Both Plaintiffs are trying to obtain help in order to comply with the discovery requests but need additional time to do so. Plaintiff Salvador Lopez concurred with the representations made by Plaintiff Mary Lopez.

In light of the above, Plaintiffs have demonstrated substantial justification for their failure to respond to discovery within the time permitted. Imposing sanctions at this juncture would be unjust. Therefore, Defendants' Motion for Sanctions is denied. However, Plaintiffs must comply with their discovery obligations. As such, Defendants' Motion to Compel is granted in part. Defendants requested Plaintiffs provide the discovery within seven days of the date of the hearing. However, given the circumstances, Plaintiffs shall have thirty days from the date of service of this order to comply with the discovery requests.

### V.  CONCLUSION

Based on the above, Defendants' Motion to Compel filed on June 16, 2009 is GRANTED IN PART as follows:

1.  Plaintiff Mary G. Lopez is ordered to serve Initial Disclosures pursuant to Fed. R.

Civ. P. 26(a)(1), and responses to (1) Amtrak's Interrogatories to Mary Lopez, Set One, (2) BNSF's Interrogatories to Mary Lopez, Set One and (3) Amtrak's Request for Production of Documents to Mary Lopez, Set One, which comply with the requirements of Fed. R. Civ. P. 33 and 34, no later than thirty (30) days after service of this order. Objections to Defendants' interrogatories and requests for production are deemed waived;

2.  Plaintiff Salvador M. Lopez is ordered to serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and responses to (1) Amtrak's Interrogatories to Salvador Lopez, Set One, and (2) Amtrak's Request for Production of Documents to Salvador Lopez, Set One, which comply with the requirements of Fed. R. Civ. P. 33 and 34, no later than thirty (30) days after service of this order. Objections to Defendants' interrogatories and requests for production are deemed waived;

3.  Defendants' Motion for Sanctions in the amount of $2390.00 is DENIED; and

4.  **Plaintiffs are advised that failure to comply with this order may result in the imposition of sanctions, including, but not limited to, contempt, the exclusion of evidence at trial, and/or dismissal of this case.**

IT IS SO ORDERED.

Dated:   July 31, 2009            /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE